UNITED STATES of America and Carol O. Morey, Special Agent, Internal Revenue Service,

v.

Lowell E. MORIARTY, as Vice-President and Secretary of Moriarty Manufacturing Company, Inc.

No. 67–C–244.

United States District Court, E. D. Wisconsin.

Dec. 9, 1969.

See also, D.C., 278 F.Supp. 187.

David Cannon, U. S. Atty., Robert J. Lerner and Roch Carter, Asst. U. S. Attys., Milwaukee, Wis., for plaintiffs.

Daniel O. Ryan, Jr., Cahill & Fox, Milwaukee, Wis., for defendant.

## OPINION

TEHAN, Chief Judge.

This action was brought to enforce an internal revenue summons which was served upon defendant in his corporate capacity compelling him to produce certain books and records of the corporation. Jurisdiction is obtained through §§ 7402(b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b) and 7604(a) (1964). Defendant has asserted two defenses to the summons—(1) The IRS has had prior access to the documents, and (2) the sole purpose of the summons is to seek evidence of tax fraud. Plaintiff has moved for summary judgment on the grounds that it is entitled to see the documents as a matter of law and that defendant's defenses fail as a matter of law.

The basis for defendant's first defense is the contention that all the relevant records have been reviewed by the IRS and that § 7605(b) of the Internal Revenue Code, prohibits examination in this case.[1]

Plaintiff disputes whether any evidence has been shown that the tax audit had been completed. Defendant was allowed to take extensive depositions of both the revenue agents and special agents assigned to the case. All stated that some of the records had not been seen and also that normal auditing practices would require continued access to the various corporate books and records. Aside from merely stating its defense defendant cites no facts to substantiate that the audit had been completed. Defendant neither presents counter-affidavits nor refers to any sec-

---

1. Sec. 7605(b) Restrictions on examination of taxpayer—No taxpayer shall be subjected to unnecessary examination or investigations, and only one inspection of a taxpayer's books of account shall be made for each taxable year unless the taxpayer requests otherwise or unless the Secretary or his delegate, after investigation, notifies the taxpayer in writing that an additional inspection is necessary.

tion of the extensive depositions it was permitted to take in order to perfect its defense. The plaintiff on the other hand refers to these depositions in support of its contention. This court therefore concludes there are no material facts at issue and that the audit in fact had not been completed, and special agent, Morey's participation was part of a continuing investigation. As a matter of law, a re-examination of books and records, which is part of a continuing examination, is not a violation of § 7605(b) of the Internal Revenue Code. United States v. Crespo, 281 F.Supp. 928 (D.C.Md.1968). Defendant's first defense therefore falls.

■■■ Defendant's second defense is based upon its contention that an internal revenue summons cannot be used for the *sole purpose* of obtaining evidence to be used in a criminal prosecution. In support it cites Reisman v. Caplin, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). This court concludes that *Reisman* does not apply to this case. Although an internal revenue summons may not be used for the *sole purpose* of obtaining evidence for a criminal prosecution, this does not preclude the use of the summons where there is also the possibility of civil tax liability. The court refers to United States v. Michigan Bell Telephone Company, 415 F.2d 1284 (6th Cir. 1969), in which the court noted that even where the summons was used *principally* to investigate criminal liability, it is proper as long as there is the *possibility* of civil tax liability. The court must again note at this point that even though defendant was allowed to take extensive depositions to perfect its defenses, the depositions are not referred to and no affidavits are offered in support of the defense. The Government on the other hand refers to the depositions in support of its motion. The depositions presented uncontroverted evidence that the assignment of the Moriarty audit followed the normal procedures. The 1964 return was assigned to a revenue agent for audit; the taxpayer was notified of a request for his books and records; the audit was begun; a badge of fraud was discovered; [2] the audit was discontinued; [3] and a special agent was assigned to help in the audit and to investigate the fraud. The defendant claims that the above circumstances constitute investigation for the sole purpose of obtaining evidence for a criminal prosecution. Under no interpretation of the facts can this determination be made. As plaintiff points out the record clearly indicates the fraud investigation was part of a continuing audit begun by the revenue agent. The defendant cannot argue that because criminal prosecution is a possibility the Government must be precluded from further investigation. The fact that the investigation may produce evidence for criminal prosecution does not make the summons improper. United States v. Hayes, 408 F.2d 932 (7th Cir. 1969). The enforcement of the internal revenue summons is proper as long as it does not abuse the process of the court and this court holds as does the *Michigan Bell Telephone Company* case, *supra,* that the fact that the Government refuses to give up the right to use this evidence in aid of possible future criminal prosecution is not an abuse of process. This court therefore concludes that as a matter of law an internal revenue summons may be used to obtain books and records which might show evidence of tax fraud as long as the civil audit is part of the investigation.

Now, therefore, the motion of the plaintiff for summary judgment is hereby granted.

---

2. In this case it was missing invoices.

3. IRS procedure requires discontinuation of an audit when a badge of fraud is discovered. Deposition testimony indicates the correct tax liability cannot be determined until the fraud question is cleared up by either evidence that fraud definitely does or does not exist.