**In the Matter of GREGORY MOBILE HOMES, INC.**

**No. 1165.**

United States District Court,
M. D. Georgia,
Valdosta Division.

July 24, 1972.

William J. Schloth, U. S. Atty., J. Reese Franklin, Asst. U. S. Atty., Francis P. Dicello, Trial Atty., Tax Div., Dept. of Justice, Washington, D. C., for the United States.

---

A. L. Kelley, Jr., Tifton, Ga., Hoyt H. Whelchel, Jr., Moultrie, Ga., O. Wayne Ellerbee, Valdosta, Ga., for Trustee.

OWENS, District Judge:

The United States of America petitioned this district court pursuant to 11 U.S.C.A. § 67(c) for review of the March 20, 1972, order of Referee Algie M. Moseley, Jr. denying the claim of the United States for unpaid withholding and Federal Insurance Contribution Act taxes in the amount of $119,370.51 which but for the order denying the government's claim, can be paid in full from monies of the bankrupt estate.

The facts are not in dispute. On January 8, 1970, an involuntary petition in bankruptcy was filed against Gregory Mobile Homes, Inc., hereinafter referred to as Gregory. Gregory on April 7, 1970, filed a petition for arrangement under Chapter XI of the Bankruptcy Act (11 U.S.C.A. § 701, et seq.). It was denied, and thereafter Gregory was duly adjudged a bankrupt on May 25, 1970.

The claim of the United States for unpaid federal taxes—$119,370.51 for withholding and FICA taxes, and $1,976.44 for taxes due under the Federal Unemployment Tax Act (FUTA)—was timely filed. The FUTA claim was allowed and is not now in issue. All of the taxes accrued prior to the filing of the petition in bankruptcy. It was stipulated that had the Referee allowed the claim of the United States as a valid claim under section 57 of the Bankruptcy Act (11 U.S.C.A. § 93), there were

sufficient funds[1] to pay said claim in full.

■ As required by Bankruptcy General Order 47 the Referee set forth his findings of fact and conclusions of law. Neither party disputes the facts as found by the Referee, and this court has not found them in any way to be erroneous. They are therefore binding on this court. Bazemore v. Stehling, 396 F.2d 701 (5th Cir. 1968). The Referee's conclusions of law, however, are in dispute. Unlike findings of fact, this court is not bound by the Referee's conclusions of law; instead, this court must make an independent examination and determination of the law as it applies to the findings of fact. See In re Dykes, 326 F.Supp. 998 (D.Kan.1970); Walker v. Commercial National Bank, 217 F.2d 677 (8th Cir. 1954); Solomon v. Northwestern State Bank, 327 F.2d 720 (8th Cir. 1964).

The order under review also recites that the Referee ". . . ordered the Internal Revenue Service to appear . . . and 'show cause why its claim for taxes should not be disallowed for the reason that the claim for such taxes is not against the trustee in bankruptcy but against the [individual] persons of the bankrupt corporation who withheld taxes and were under a duty to pay over such withheld funds to the Internal Revenue Service'." page 1 of Order. In his findings of fact the Referee also found [as a result of the aforesaid show cause order] that "there have been no assessments pursuant to Section 6672[2] of the

---

1. The order to be reviewed states: "According to a notice sent to creditors by this court on October 29, 1971, Trustee W. F. Spurlin reported on October 26, 1971, that total receipts of $563,610.39 had come into the estate and that all administrative expenses and priority claims, including the Internal Revenue Service claim of $121,346.95, could be paid in full, with a distribution available to unsecured creditors of 37.703 per cent." page 1 of Order.

2. "Any person required to collect, truthfully account for, and pay over any tax

imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable." 26 U.S.C. § 6672.

Internal Revenue Code of 1954 (26 U.S.C. § 6672) against any officers of the bankrupt corporation or against any other person in any effort to collect the penalty provided by that section." page 2 of Order.

The Referee defined the question of law that he was to decide, to wit: "Reduced to its basics, the question involved is whether the claim of the United States for withholding and social security taxes should be paid by the trustee from the assets of the estate, or should it be paid by some other person? (The FUTA taxes in the amount of $1,976.44 are not considered in this opinion and will be allowed.)" and responded to that question as follows: "The answer to the question is that this claim of the United States for withholding and social security taxes is not a claim against the estate, but is a claim which should be paid by some other person. We reach this answer by reason of Section 6672 . . . ." "Also, pertinent hereto is 26 U.S.C. § 7501(a) . . . ."[3] page 3 of Order.

■ This court as a result of its independent investigation and for the reasons hereinafter stated has concluded that the Referee erred in so holding and that instead, the Referee should have ordered the claim of the United States paid by the trustee from the assets of the estate in accordance with the priority accorded it in Section 64(a)(4)[4] of the Bankruptcy Act (11 U.S.C.A. § 104 (a)(4)).

The Referee's conclusions of law set forth in seventeen pages of the order complained of are fairly summarized in the contentions of the United States contained in its petition for review, to wit:

"3. The referee erred in finding that after the filing of a Petition in Bankruptcy the United States may not look to the estate of the bankrupt employer for collection of unpaid withholding and Federal Insurance Contribution Act taxes but must look solely for collection to certain officers of said employer pursuant to Section 6672 of the Internal Revenue Code of 1954.

"4. The referee erred in finding that the claim of the United States for withholding and Federal Insurance Contribution Act taxes was a claim for trust funds which must be traced into the estate rather than a claim for taxes legally due and owing within the purview of Section 64(a) (4) of the Bankruptcy Act."

Why did the Referee err in so holding?

The principle underlying tax priority is ancient and well established. This was first given concreteness by Mr. Justice Story in United States v. State Bank of North Carolina, 31 U.S. (6 Pet.) 29, 8 L.Ed. 308 (1842):

"The right of priority of payment of debts due to the government is a prerogative of the crown well known to the common law. It is founded not so much upon any personal advantage

---

3. "General rule.—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose." 26 U.S.C. § 7501(a).

4. Section 64(a) lists the priorities created by the Bankruptcy Act: (1) Costs and expenses of administration of the bank-

rupt's estate; (2) Wage claims not to exceed $600 which arise within three months of bankruptcy; (3) Costs and expenses incurred by creditors' efforts which result in a refusal, revocation, or setting aside of an arrangement, wage earner plan or bankruptcy discharge; (4) Taxes legally due and owing by the bankrupt to the United States or any state or subdivision thereof which are not released by a discharge in bankruptcy; (5) Debts other than for taxes owing to any person, including the United States, who by laws of the United States is entitled to priority, and rent owing to a landlord who is entitled to priority by applicable state law.

to the sovereign as upon motives of public policy, in order to secure an adequate revenue to sustain the public burdens and discharge the public debts. The claim of the United States, however, does not stand upon any sovereign prerogative, but is exclusively founded upon the actual provisions of their own statutes." 31 U. S. (6 Pet.) at 34, 8 L.Ed. at 310. This admonition that the problem of financing the government is an overriding concern is still followed today. See Bruning v. United States, 376 U.S. 358, 84 S.Ct. 906, 11 L.Ed.2d 772 (1964). Thus taxes have a special status in bankruptcy proceedings. They stand in a paramount position because they are vital to the existence of the government.

The Congress of these United States by its passage of the Internal Revenue Code of 1954 and its amendments [5] required that Gregory and all employers deduct Federal Insurance Contributions Act taxes and income taxes imposed upon its employees from the wages of its employees as and when paid and remit the amounts "collected" to the United States of America through the Internal Revenue Service in a specified manner. Gregory and every employer, by these statutes, is directed to "collect" [6], "deduct and withhold" [7] these

taxes and is made liable [8] to the United States for the payment of such collected, deducted and withheld taxes. The whole concept of this statutory scheme is to make employers like Gregory, tax collectors. 8A Mertens Federal Income Taxation § 47A.03 at 9.

To assure the payment to the United States of taxes "collected, deducted and withheld" by employers from employees, Congress, by 26 U.S.C.A. § 7501 (a) [9] decreed that such taxes are "a special fund in trust for the United States." While Congress by § 7501(a) denominated such taxes as "a special fund in trust for the United States", it did not thereby create a trust to which and only to which the United States can or must thereafter look for the payment of such taxes. United States v. Randall, 401 U.S. 513, 91 S.Ct. 991, 28 L.Ed.2d 273 (1971). If this were a trust in the usual sense, Congress would have provided a procedure to segregate and recover the corpus or directed Internal Revenue Service to proceed in the usual, customary manner for the recovery of the corpus of a trust. Instead, in § 7501 (a) Congress provided that the "amount of such fund [—not the fund itself—] shall be assessed, collected, and paid [—not recovered by civil action—] in the same manner and subject to the

---

5. 26 U.S.C.A. §§ 3101, et seq. and 3401, et seq.

6. 26 U.S.C.A. § 3102—"(a) Requirement.—The tax imposed by section 3101 shall be collected by the employer of the taxpayer, by deducting the amount of the tax from the wages as and when paid . . . ."

7. 26 U.S.C.A. § 3402(a)—"Requirement of withholding.—Every employer making payment of wages shall deduct and withhold upon such wages (except as otherwise provided in this section) a tax determined in accordance with the following tables."

8. 26 U.S.C.A. § 3102(b)—"Indemnification of employer.—Every employer required so to deduct the tax shall be liable for the payment of such tax, and shall be indemnified against the claims and demands of any person for the amount of

any such payment made by such employer."
26 U.S.C.A. § 3403—"The employer shall be liable for the payment of the tax required to be deducted and withheld under this chapter, and shall not be liable to any person for the amount of any such payment."

9. 26 U.S.C.A. § 7501(a)—"General rule.—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose."

same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose." In other words Congress said the dollar amount of such fund is a tax to be assessed, collected and paid in the same manner as the F.I.C.A. and income taxes which caused the collection, withholding and deduction.

To further assure the collection and payment of these taxes Congress provided in 26 U.S.C.A. § 6672 that:

"Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

"The personal liability created under § 6672 [upon the responsible person] is separate and distinct from that imposed upon the employer under § 3403 of the Code. Bloom v. United States [272 F. 2d 215 (C.A. 9, 1959) cert. den. 363 U. S. 803] at 221 [80 S.Ct. 1236, 4 L.Ed. 2d 1146]; Rosenberg v. United States, 327 F.2d 362, 364–365 (C.A.2, 1964) . . . . " Datlof v. United States, 370 F.2d 655, 656 (3rd Cir. 1966). That it is, is well illustrated by the following excerpt from Newsome v. United States, 431 F.2d 742, 745 (5th Cir. 1970): "It must be remembered, however, that while the corporation is absolutely lia-

ble for the taxes withheld from its employees, the penalty imposed upon its responsible officer or employee is *only for his willful failure*. . . . " (Emphasis added). In addition, before asserting the personal liability of the responsible person it is unnecessary for the Internal Revenue Service to even attempt to collect from the employer. Datlof v. United States, *supra.*

Congress by these separate, distinct sections of the Internal Revenue Code has afforded the Internal Revenue Service a large arsenal of weapons to use to collect withheld taxes and has left solely to Internal Revenue Service the question of which weapon or weapons will be used.

Bankruptcy does not alter the obligation and liability of the employer. Bankruptcy does not change the legal characterization of the employer's liability. Before and after bankruptcy the liability of the employer is a tax to be paid the United States whether or not actually collected by the employer. As a tax it is a tax within the meaning of § 64(a)(4) of the Bankruptcy Act which "includes any 'pecuniary burden laid upon individuals or property for the purpose of supporting the government,' by whatever name it may be called. . . . " United States v. New York, 315 U.S. 510, 515, 62 S.Ct. 712, 715, 86 L.Ed. 998, 1001 (1942).

The Order of Referee Algie M. Moseley, Jr. dated March 20, 1972, is reversed and the claim of the United States for withholding and Federal Insurance Contribution Act taxes in the amount of $119,370.51 is ordered paid as a tax liability of Gregory having priority under § 64(a)(4) of the Bankruptcy Act.