**Philip H. LONG and Susan B. Long, Plaintiffs,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant.**

**Philip H. LONG, Plaintiff,**

v.

**UNITED STATES INTERNAL REVENUE SERVICE, Defendant.**

**Civ. Nos. 273-71C2, 9782.**

United States District Court,
W. D. Washington,
at Seattle.

Aug. 9, 1972.

---

Philip H. Long and Susan B. Long, pro se.

Stan Pitkin, U. S. Atty., Albert E. Stephan, Asst. U. S. Atty., Seattle, Wash., John M. Dowd, Trial Atty., Tax Div., U. S. Dept. of Justice, Wash. D. C., for defendant.

## ORDER DENYING GOVERNMENT'S MOTIONS FOR SUMMARY JUDGMENT

BEEKS, Chief Judge.

By two separate actions which have been consolidated, plaintiffs seek production of investigative files, manuals, code-books and reports of the Internal Revenue Service (IRS). Certain documents were heretofore exempted from disclosure by the court and other documents have been voluntarily disclosed by the IRS during the course of these proceedings.[1] There are two documents still in issue. They are the Closing Agreement Handbook, Internal Revenue Manual 8(13)00 et seq. (Manual), and Management Information Report, Source of Returns-Income Taxes, Document #5342 (Report). The issue as to those documents voluntarily disclosed is mooted.[2] The government has moved for summary judgment in both cases contending that the documents are not administrative staff manuals that affect a member of the public and are exempted by 5 U.S.C. §§ 552(b)(2) and (b)(5). Extensive written briefs have been filed and the documents have been viewed by the Court *in camera.*

 The purpose of the Freedom of Information Act is to expand citizen access to government information with a minimum of difficulty.[3] The Act provides that documents of the kind in question may be viewed by the public unless specifically exempted by any one of nine exemptions.[4] The exemptions are to be narrowly construed.[5] The district court has jurisdiction to enjoin the agency withholding by a de novo review with the burden of proof on the agency to sustain its action.[6] In exercising its equity jurisdiction the court must consider the effects of disclosure and non-disclosure according to traditional equity principles, the effect on the public being of primary consideration.[7]

 In determining whether a document is exempt under Sec. 552(b)(5) the court must determine whether it is an intra-agency memorandum or letter which would not be available to a party in any litigation in which the agency having the records might be involved. The standards for decision are the discovery practices, as regulated by the courts.[8] The purpose and intent of the exemption is to allow frank and uninhibited discussion during the decision-making process.[9] The exemption reflects the privilege of the government in its litigation against revealing those internal working papers

1. 339 F.Supp. 1266 (W.D.Wash.1971).

2. Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969) ; Consumers Union of United States, Inc. v. Veterans Administration, 301 F.Supp. 796 (S.D.N.Y. 1969) ; M. A. Schapiro & Co. v. S.E.C., 339 F.Supp. 467 (D.D.C.1972).

3. Epstein v. Resor, 421 F.2d 930 (9th Cir. 1970), cert. den'd 398 U.S. 965, 90 S.Ct. 2176, 26 L.Ed.2d 549 ; American Mail Line, Limited v. Gulick, 133 U.S.App. D.C. 382, 411 F.2d 696 (1969) ; Bristol-Myers Co. v. F.T.C., 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), cert. den'd 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 ; Sterling Drug Inc. v. F.T.C., 450 F.2d 698 (D.C.Cir. 1971).

4. 5 U.S.C. § 552(c)
 "The purpose of this subsection is to make it clear beyond doubt that all materials are to be made available to the public by publication or otherwise unless explicitly allowed to be kept secret by one of the exemptions . . . ." Senate Report No. 813, Cong.Rec. Vol. 111, Part 20, p. 26823.

5. Bristol-Myers Co. v. F.T.C., 138 U.S. App.D.C. 22, 424 F.2d 935 (1970) ; Wellford v. Hardin, 444 F.2d 21 (4th Cir. 1971).

6. 5 U.S.C. § 552(a)(3) ; Epstein v. Resor, 421 F.2d 930 (9th Cir. 1970) ; American Mail Line, Limited v. Gulick, 133 U.S. App.D.C. 382, 411 F.2d 696 (1969).

7. General Services Administration v. Benson, 415 F.2d 878, 880 (9th Cir. 1969).

8. (Id.)

9. S.Rep.No.813, 89th Cong., 1st Sess. 9 (1965) ; H.R.Rep.No.1497, 89th Cong., 2d Sess. 10 (1966) ; Ackerly v. Ley, 137 U.S.App.D.C. 133, 420 F.2d 1336 (1969) ; Freeman v. Seligson, 132 U.S.App.D.C. 56, 405 F.2d 1326 (1968) ; V.E.B. Carl Zeiss, Jena v. Clark, 128 U.S.App.D.C. 10, 384 F.2d 979 (1967) ; K. Davis, Administrative Law Treatise § 3A.21 (Supp. 1970).

in which opinions are expressed and policies formulated and recommended.[10] Factual material does not come within the purview of the exception unless it is inextricably intertwined with the policy-making process.[11]

■ The Report is a detailed statistical study pertaining to the sources of examination and the results of the examination of income tax returns.[12] It does not relate solely to internal personnel functions,[13] such as "employee use of the employer's plant and equipment, and the amount of time in each working day which is to be devoted to the employer's business and such activity",[14] and it does not cover "rules as to personnel's use of parking facilities or regulation of lunch hours, statements of policy as to sick leave, and the like."[15] It is entirely factual and it is not "inextricably intertwined with the policy-making process."[16]

The Manual guides agents in negotiating with the public and promotes uniformity by detailing information and instructions pertaining to the processing and technical aspects involved in the drafting, processing, reviewing, and signing of closing agreements authorized by Int.Rev.Code of 1954, § 7121.[17] Clearly, this is a manual which effects members of the public and is not solely related to internal personnel functions of the IRS. Although the manual may not have been heretofore disclosed in its entirety in any proceeding, the government concedes that various portions thereof have been produced voluntarily or pursuant to court order in various legal actions.[18] Furthermore, the court

10. Internat'l Paper Co. v. Federal Power Commission, 438 F.2d 1349 (2d Cir. 1971).

11. Soucie v. David, 145 U.S.App.D.C. 144, 448 F.2d 1067 (1971); Mink v. EPA, 464 F.2d 742, (D.C.Cir.1971); Skolnick v. Parsons, 397 F.2d 523 (7th Cir. 1968); General Services Administration v. Benson, 415 F.2d 878, 880 (9th Cir. 1969); Boeing Airplane Company v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654 (1960).

12. Internal Revenue Service, Management Information Report Source of Return—Income Taxes, 1969 at page IV (1969); affidavit of Singleton B. Wolfe, dated January 4, 1972 and filed January 21, 1972.

13. 5 U.S.C. § 552(b)(2).

14. Benson v. General Services Administration, 289 F.Supp. 590, 595 (W.D.Wash. 1968). K. Davis, Administrative Law Treatise § 3A.17 (Supp.1970).

15. S.Rep.No.813, 89th Cong., 1st Sess. 8 (1965).

16. Cases cite note 11 supra.

17. Internal Revenue Manual, § 8(13)00 et seq.

18. United States v. Held, 315 F.Supp. 352 (E.D.Tenn.1970), aff'd 435 F.2d 1361 (6th Cir. 1970), cert. denied 401 U.S. 1010, 91 S.Ct. 1255, 28 L.Ed.2d 545 (1971); United States v. Moriarity, 278 F.Supp. 187, 311 F.Supp. 144 (E.D.

Wis.1969); United States v. Citizens National Bank, No. 70–C–182 (W.D. Wis.); United States v. Lockyer, 448 F.2d 417 (10th Cir. 1971); United States v. Jaskiewicz, 278 F.Supp. 525 (E.D.Pa., 1968); United States v. Bembridge, 335 F.Supp. 590 (D.Mass.1972), reversed 458 F.2d 1262 (1st Cir. 1972); United States v. Gower, 16 A.F.T.R.2d 5714 (M.D.Pa., 1965); United States v. Kniffin, No. 72 CA 81 (D.Colo.); Howfield, Inc. v. United States, 409 F.2d 694 (9th Cir. 1969); United States v. Ahmanson, 415 F.2d 785 (9th Cir. 1969); Goodman v. United States, 369 F.2d 166 (9th Cir. 1966) on remand 285 F.Supp. 245 (C.D.Cal., 1968); In Re Gregory Mobile Homes, 347 F.Supp. 528 (M.D. Ga.1972); Feldwin Realty Co. v. United States, 169 F.Supp. 73 (D.N.J.1959); Beltran v. Cohen, 303 F.Supp. 889 (N.D. Cal., 1969); McCarty v. United States, 437 F.2d 961 (Ct.Cl., 1971).

The following portions of the Manual have been provided by the Internal Revenue Service to members of the public under the Freedom of Information Act:

1. Section 7700 (7734 and 7752.3 deleted) furnished state Highway Patrol on the condition that it be held confidential and used only by state criminal investigative personnel on October 9, 1969;

2. Section 6624.3 (Entry of Premises) provided to attorney for inspector injured at distillery on December 3, 1970;

3. Section 8(12)30 (Procedure on Cases Pending before Appellate Division

can envision a number of circumstances in which the Manual would be made available in a discovery proceeding pursuant to the Federal Rules of Civil Procedure.

Ultimately the disclosure of either document rests on an equitable determination of whether the benefits to the public of disclosure outweigh the effects of nondisclosure. The legislative history of the Freedom of Information Act establishes that disclosure was to be the rule rather than the exception.[19] The legislative hearings demonstrate the propensity of governmental agencies to shield their activities and procedures from public scrutiny.[20]

The court has carefully examined the documents in question and applied the standard set forth in General Services Administration v. Benson.[21] The government has failed to sustain its burden of establishing exemption. It is my view that the prejudice to the government from disclosure of the documents is outweighed by the public's right to know.

The government's motions are denied.

where taxpayer indicates intention to file an Offer) provided to attorney on May 27, 1970;

4. Section 8900 (Overassessments and Refunds in Excess of $100,000) provided to an attorney on May 8, 1970;

5. Section 8740 (New Issues and Reopening Closed Issues) provided to an accountant on May 7, 1971;

6. Section 8740 (New Issues and Reopening Closed Issues) provided to an attorney on June 13, 1972;

7. Excerpts from Data Processing portion of Manual applicable to issuance of TY 26 provided to an attorney preparing case for Tax Court on May 8, 1970;

8. Old Part II of Internal Revenue Manual (Collection Procedures for Office Branches) provided to a former district director in connection with Institute of Tax Administration on July 6, 1971;

9. Section 51(10)0 (Disclosure of Official Information Handbook) on February 25, 1972;

10. Sections of Part I provided to a former employee. All of Part I is now public with the exception of Manual Supplement 1(15)N–12 (Rev. 1) and amendment thereto, and certain policy statements, on December 1, 1970.

11. Standard position descriptions Nos. 224, 225, 226, 227 and Manual Supplement 1(12)G–85 (Revised) entitled CPA and Bar Examination Review Training provided to a Revenue Agent for use in Tax Court case involving his own return. (These materials are available to the public) on September 25, 1969;

12. Handbook provided to Business wishing to formulate travel allowance policies for his own company. (This material is in that portion of Part I which is now public) on December 14, 1970;

13. Listing of Internal Revenue Manual Numbers and Titles (MT 1200–68). (This is included in that portion of Part I which is available to the public) provided on October 20, 1969;

14. Supplement outlining procedures for conducting delinquency investigations in the employment tax area among organizations which have undertaken Community Action Programs provided subject to deletions on October 17, 1967.

19. S.Rep.No.813, 89th Cong., 1st Sess. (1965); H.R.Rep.No.1497, 89th Cong., 2nd Sess. (1966).

20. Hearings before the Subcommittee of the House Committee on Government Operations, Government Information, Plans and Policies, 88th Cong., 1st Sess. (1963); Hearings before the Subcommittee on Administrative Practice & Procedure of the Senate Judiciary Committee on S.1966 and S.1663, Freedom of Information, 88th Cong., 2nd Sess. (1963); Hearings before the Subcommittee on Administrative Practice and Procedure of the Senate Judiciary Committee on S.1160, S.1336, S.1758, and S.1879, Administrative Procedure Act, 89th Cong., 1st Sess. (1965).

21. General Services Administration v. Benson, 415 F.2d 878 (9th Cir. 1969).