**Lee S. KREINDLER, Plaintiff,**

v.

**DEPARTMENT OF the NAVY OF the UNITED STATES of America, Defendant.**

**No. 72 Civ. 2053.**

United States District Court,
S. D. New York.

Jan. 21, 1974.

Kreindler & Kreindler, New York City, for plaintiff; Melvin I. Friedman, Milton G. Sincoff, David Goldstein, New York City, of counsel.

Paul J. Curran, U. S. Atty. S.D.N.Y., New York City, for defendant; Samuel J. Wilson, Asst. U. S. Atty., of counsel.

### OPINION

EDWARD WEINFELD, District Judge.

Reference is made to, and familiarity assumed with, the interim opinion of this court [1] on the motion for summary judgment made by the plaintiff pursuant to the Freedom of Information Act.[2] The court, for the proper disposition of the motion, decided that "[a]n in camera inspection is a proper and practical method of determining what portions of the AAR and JAG Report are justifiably exempt from disclosure and whether there are instances where, as defendant claims, disclosable material is so inextricably intertwined with privileged matter that those portions must be en-

1. 363 F.Supp. 611 (1973).

2. 5 U.S.C. § 552 (1970).

tirely exempted from disclosure." [3] The Department of the Navy, pursuant thereto, submitted to the court for its in camera inspection the requested material. These records fall into two categories; some contain expert opinions, recommendations, or discussions of policy, and others, observations of the condition of various parts of the wrecked aircraft, and statements and documents relating to factual matters concerning the accident. This delineation permits the generally recognized application under exemption (b)(5) of the Act of "different treatment for materials reflecting deliberative or policy-making processes on the one hand, and purely factual, investigative matters on the other," [4] or, as Mr. Justice Douglas stated it, "opinions and staff advice are exempt, factual matters are not." [5]

■ Additionally, the records contain statements of witnesses which the defendant contends come within exemption (b)(4): "trade secrets and commercial or financial information obtained from a person and privileged or confidential." These are statements normally obtained from witnesses in any investigative inquiry or procedure, whether conducted officially by government authorities or by private individuals in anticipation of or in preparation for litigation. There is no valid basis for a claim that such statements are "privileged or confidential" or were given upon an understanding that they would come within that category, nor do they involve "trade secrets and commercial or financial information." [6] The plain language of

exemption (b)(4) requires rejection of defendant's contention. Moreover, they are statements which, upon a proper showing, a party in a private litigation with the agency could discover under pretrial procedures. Nor are they statements, as the government claims, entitled to exemption under (b)(6), which extends to "personnel and medical files and similar files . . . ." These statements do not fall within those categories.

Based upon the foregoing criteria, the court makes the following disposition.

## I  JAG REPORT

■ The defendant's position as to matters withheld is sustained except as to the name of the person appearing on pages 1 and 3 of the Report and on page 1 of Enclosure 1. [7] Thus paragraphs 1 through 8 on page 11 and all of page 12 of this Report may be withheld, as well as all three endorsements.

## II  AAR

The defendant's position is sustained as to the report itself and the four endorsements. As to the enclosures accompanying the AAR, the defendant is directed to make available to the plaintiff the following:

Enclosure 1: All the material therein except

(1) "Narrative Account of Mishap," all of page 7, beginning with "The accident board postulated," through to the end of page 8.

---

3. 363 F.Supp. at 613–614. *See* Mink v. Environmental Protection Agency, 150 U.S. App.D.C. 233, 464 F.2d 742, 746 (1971), rev'd on other grounds, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); Soucie v. David, 145 U.S.App.D.C. 144, 448 F.2d 1067, 1077–1079 (1971); Long v. United States IRS, 349 F.Supp. 871, 874 (W.D.Wash. 1972).

4. Environmental Protection Agency v. Mink, 410 U.S. 73, 89, 93 S.Ct. 827, 837, 35 L.Ed. 2d 119 (1973).

5. *Id.* at 107, 93 S.Ct. at 846 (Douglas, J., dissenting).

6. Getman v. NLRB, 146 U.S.App.D.C. 209, 450 F.2d 670, 673, stay denied, 404 U.S. 1204, 92 S.Ct. 7, 30 L.Ed.2d 8 (1971); M. A. Schapiro & Co. v. SEC, 339 F.Supp. 467, 470–471 (D.D.C.1972); Consumers Union v. Veterans Administration, 301 F.Supp. 796, 802–803 (S.D.N.Y.1969), appeal dismissed as moot, 436 F.2d 1363 (2d Cir. 1971).

7. *Cf.* Tennessean Newspapers, Inc. v. FHA, 464 F.2d 657, 660–661 (6th Cir. 1972); Legal Aid Society v. Shultz, 349 F.Supp. 771, 778–779 (N.D.Cal.1972); Philadelphia Newspapers, Inc. v. H. U. D., 343 F.Supp. 1176 (E.D.Pa.1972).

(2) All of the reports entitled "Psychophysiological and Environmental Factors" (5 pages, both sides).

(3) All of "Flight Surgeon's Comments, Analysis and Recommendations" (4 pages).

(4) Paragraphs 2 through 6 of "Aero-Medical Considerations."

Enclosure 2: These are to be made available.

Enclosure 3 (Eyewitnesses' statements): These are to be made available. It is difficult to understand the defendant's position as to these statements, as well as those contained in Enclosures 2, 4 and 5, since it has already made available to the plaintiff statements by many of these same witnesses contained in the JAG Report. However, the objection is sustained only as to the Board's opinion of the credibility of the witnesses as noted on each statement and this may be withheld.

Enclosure 4: Statements are to be made available.

Enclosure 5: Statements are to be made available.

Enclosure 6: to be made available.

Enclosure 7: to be made available.

Enclosure 8: to be made available.

Enclosure 9: to be made available.

Enclosure 10: to be made available.

Enclosure 11: to be made available.

Enclosure 12: to be made available.

Enclosure 13: to be made available.

Enclosure 14: to be made available except as to all items contained under "27. Conclusions" on each report.

Enclosure 15: to be made available.

Enclosure 16 (roll of film): to be made available. The court has been advised that this has already been made available.

The plaintiff's motion for summary judgment is granted to the extent indicated herein.

A stay of ten days is granted to permit the defendant if so advised to prosecute an appeal from this order. In the meantime the documents submitted to the court shall remain under seal.