CENTRAL SOYA CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 88–07–00575

(Dated February 13, 1991)

*Soller, Shayne & Horn,* (*Carl R. Soller* and *Margaret H. Sachter,* Of Counsel), for plaintiff.

*Stuart M. Gerson,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*Al J. Daniel, Jr.* on the motion), for defendant.

RE, *Chief Judge*: The question presented in this case pertains to the plaintiff-importer's entitlement to a drawback, or refund, pursuant to 19 U.S.C. § 1313(j)(2), on customs duties paid on imported merchandise when, within three years of the importation, substitute fungible goods are exported in the same condition as the imported goods. The drawback, or refund, authorized pursuant to this statute and the customs regulations promulgated thereunder, is referred to in customs law as a "substitution same condition drawback." Both parties have moved for summary judgment.

The case is now before the court on the defendant's motion to strike the affidavit of George C. Steuart, which was submitted by the plaintiff in support of its motion for summary judgment. In his affidavit, Mr. Steuart, a former employee of the Customs Service, stated that he was responsible for drafting the Customs Service regulations for substitution same condition drawback, and explained the intended meaning of the regulations.

The question presented on this motion is whether, under Rule 56(f) of the Rules of this court, an affidavit by a former Customs Service employee, stating that he was responsible for drafting certain regulations on substitution same condition drawback and stating the intended meaning of the regulations, is admissible into evidence and may be submitted on a motion for summary judgment pertaining to Customs' enforcement of those regulations.

Since Mr. Steuart's affidavit presents legislative facts of which the court may take judicial notice, the affidavit is admissible and the defendant's motion to strike is denied.

## BACKGROUND

The plaintiff, Central Soya Company, Inc., imported certain crude degummed soybean oil. The plaintiff thereafter entered into a contract to sell an amount of similar crude oil to the Bunge Corporation. Since the imported crude oil had already undergone processing, the plaintiff performed its contract with Bunge by delivering to Bunge domestic crude oil. Pursuant to a contract between Bunge and a foreign corporation, the domestic crude oil was exported by Bunge. The plaintiff then sought a drawback or refund of duties paid on the imported crude oil. The plaintiff's request was denied by Customs on the ground that Bunge, and not the plaintiff, was the exporter of the substituted crude oil. *See* 21 Cust. Bull. 365, C.S.D. 87–6 (1987).

The plaintiff then brought this action, contending that the Customs Service exceeded its statutory authority, and illegally denied the plaintiff substitution same condition drawback. The defendant contends that

Customs did not exceed its authority, since 19 U.S.C. § 1313(j)(2), read in the light of its legislative history, requires that the person claiming drawback must also be the exporter of the substituted merchandise. Plaintiff moved for summary judgment, and defendant cross-moved for summary judgment.

Section 1313(j)(2) of title 19 was enacted as section 202 of the Trade and Tariff Act of 1984, Pub. L. No. 98–573, 98 Stat. 2948, 2973 (1984). Section 1313(j)(2) provides that:

> (2) If there is, with respect to imported merchandise on which was paid any duty, tax, or fee imposed under Federal law because of its importation, any other merchandise (whether imported or domestic) that—
>
>> (A) is fungible with such imported merchandise;
>> (B) is, before the close of the three-year period beginning on the date of importation of the imported merchandise, either exported or destroyed under Customs supervision;
>> (C) before such exportation or destruction—
>>
>>> (i) is not used within the United States, and
>>> (ii) is in the possession of the party claiming drawback under this paragraph; and
>>
>> (D) is in the same condition at the time of exportation or destruction as was the imported merchandise at the time of its importation;
>
> then upon the exportation or destruction of such other merchandise the amount of each such duty, tax, and fee paid regarding the imported merchandise shall be refunded as drawback, but in no case may the total drawback on the imported merchandise, whether available under this paragraph or any other provision of law or any combination thereof, exceed 99 percent of that duty, tax, or fee.

19 U.S.C. § 1313(j)(2) (1988).

Pursuant to 19 U.S.C. § 1313(1), the Customs Service promulgated regulations for substitution same condition drawback. Customs Regulation 191.141(h) provides that:

> If legal person X possesses imported merchandise (the designated merchandise) during some time interval in period A (defined below) and also possesses other merchandise fungible with it (the substituted merchandise) during the same or different time interval in period A, then 99 percent of the duty paid on the designated merchandise will be refunded as drawback, provided that:
>
> (1) The designated merchandise was in the same condition as imported either at the time of substitution, the time X used it in manufacturing, or at the time X transferred it to another person, whichever occurs first;
>
> (2) The substituted merchandise is in the same condition when exported or destroyed under Customs supervision as was the designated merchandise when imported;

(3) X does not issue a certificate of delivery covering the designated merchandise nor a certificate of manufacture and delivery covering articles manufactured or produced therefrom; and

(4) X maintains records to establish requirements, (1), (2), and (3) of this section and also complies with all relevant requirements of § 191.141 (a) through (g) of this chapter.

19 C.F.R. § 191.141(h) (1990).

Hence, the question presented, on the plaintiff's motion for summary judgment, and the defendant's cross-motion for summary judgment, is whether the Customs Service exceeded its statutory authority in denying the plaintiff substitution same condition drawback, pursuant to 19 U.S.C. § 1313(j)(2), on the ground that the plaintiff was not the exporter of the substituted merchandise.

In support of its motion for summary judgment, the plaintiff submitted the affidavit of George C. Steuart, a former employee of the Customs Service. In his affidavit, Mr. Steuart stated that, from November, 1975 to April 3, 1986, he served as the "Chief of the Drawback and Bonds Branch at Customs Headquarters," and that, in that capacity, he "was responsible for drafting the section of the Customs Service regulations applicable to substitution same condition drawback, 19 U.S.C. 1313(j)(2), and the publication of these regulations in final form on July 23, 1985, as 19 C.F.R. 191.141(h)."

Mr. Steuart, in his affidavit, also stated that during 1983 and 1984, Congress considered amending the drawback statute, 19 U.S.C. § 1313, to permit a substitution same condition drawback. He indicated that several proposed bills required that the person claiming the drawback had to be both the importer of the original merchandise, as well as the exporter of the substituted merchandise.

Mr. Steuart stated that he knew that the proposed bills requiring that the claimant be both the importer and the exporter "had been rejected both by the House Ways and Means Committee and the Congress in favor of the provision that a claimant be required to have possessed the exported merchandise." He also added that with the lesser requirement that the claimant only have "possessed" the exported merchandise, "Customs was concerned that the substitution same condition drawback would be abused by linking shipments of merchandise that had no commercial relationship to one another." Hence, he explained that he "drafted the regulations for substitution same condition drawback to ensure that both lots of merchandise would come into the possession of the same entity at some time between the importation of the designated merchandise and the export of the substituted merchandise."

Commenting specifically on Customs Regulation 191.141(h), Mr. Steuart stated that:

The term "legal person X," was chosen for this new entity as a broad neutral term, applicable either to an individual or a corporation, and not identifiable *per se* with any other party to the drawback transaction.* * * This entity was to exchange or substitute the merchandise for the imported merchandise just as did the manufac-

turer that substituted domestic merchandise, an exchange recognized under older drawback law.\* \* \* "Legal person X" was not intended to refer to the drawback claimant, and the regulations were not intended to add the requirement that a claimant of substitution same condition drawback possess both lots of merchandise.

## DISCUSSION

Rule 56(f) of the Rules of this court provides that a party moving for summary judgment may submit affidavits in support of the motion. Rule 56(f) states that the affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The question before the court, therefore, is whether Mr. Steuart could have testified as to the facts contained in his affidavit.

The plaintiff contends that "Rule 56(f) is inapplicable because the statements in Mr. Steuart's affidavit are not adjudicative facts, to which such an evidentiary requirement would apply, but legislative facts presented to inform the Court about the history of certain Customs Regulations." The plaintiff adds that the evidence presented by Mr. Steuart's affidavit is "analogous to facts about the legislative history of a statute to which the rules of evidence do not apply, and of which the Court may take judicial notice in its deliberations on questions of law."

Federal Rule of Evidence 201 provides for judicial notice in the federal courts. Rule 201 states, in pertinent part:

(a) Scope of rule. — This rule governs only judicial notice of adjudicative facts.

(b) Kinds of facts. — A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

As stated by subsection (a) of Rule 201, Rule 201 pertains only to "judicial notice of adjudicative facts." It is important to note that "[n]o rule deals with judicial notice of 'legislative' facts." Fed. R. Evid. 201 advisory committee's note.

Legislative facts, in contrast to adjudicative facts, "are those [facts] which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id.* (citing Davis, *An Approach to Problems of Evidence in the Administrative Process*, 55 Harv. L. Rev. 364, 404–07 (1942)). It may be stated generally, that adjudicative facts pertain to the parties to the dispute, whereas all other facts are "legislative facts." *See* 3 K. Davis, *Administrative Law Treatise* § 15.5 (2d ed. 1980). Furthermore, the court has broad power or discretion to take judicial notice of legislative facts. *See* 1 D. Louisell & C. Mueller, *Federal Evidence* § 56 (1977).

The facts contained in Mr. Steuart's affidavit are clearly "legislative facts." They do not pertain to the parties to the dispute. Instead, the facts contained in Mr. Steuart's affidavit are intended to assist the court in what may be termed "legal reasoning and the lawmaking process." *See* Fed. R. Evid. 201 advisory committee's note. Consequently, since the court may take judicial notice of the legislative facts contained in Mr. Steuart's affidavit, the affidavit is admissible, and may be submitted on plaintiff's motion for summary judgment.

It may be well to add that, to state that the court may admit or accept an affidavit which contains statements of intent, however, is no indication of the credit or probative value of those statements. This distinction between admissibility and probative value is basic in the law of evidence, and is illustrated by the concept of "relevancy," as contained in the Federal Rules of Evidence.

Federal Rule of Evidence 402 provides that all relevant evidence is admissible, provided that it is not deemed inadmissible by the Constitution or by statute. The language used in Rule 402 was chosen to make clear the distinction between the admissibility of evidence and its sufficiency. *See* Fed. R. Evid. 401 advisory committee's note.

This fundamental distinction between admissibility and probative value was stressed by Professor Wigmore. *See* 1A J. Wigmore, *Evidence* § 28 (rev. ed. 1983). In considering whether evidence is admissible, "[t]he project is to determine whether a particular fact is fit to be considered, not whether it suffices for a demonstration." *Id.*

In considering the persuasiveness or probative value of affidavits which contain statements of administrative intent, such as those in Mr. Steuart's affidavit, the court may proceed by analogy to the various canons designed to assist in the interpretation and application of statutes. *See United States v. Heller*, 726 F.2d 756, 762 (Temp. Emer. Ct. App. 1983). *See also General Elec. Co. v. United States*, 610 F.2d 730, 734 (Ct. Cl. 1979). In addition, it is basic in the interpretation of statutes that, when the statutory language is ambiguous and there is clear indication of legislative intent, a statute should be interpreted to effectuate that intent. *See Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980). Indeed, it may be noted that the Supreme Court has considered the testimony of draftspersons of statutes as probative evidence in the interpretation of those statutes. *See, e.g., Jefferson County Pharmaceutical Ass'n v. Abbott Laboratories*, 460 U.S. 150, 160 (1983). *See generally*, Comment, *The Value of Nonlegislators' Contributions to Legislative History*, 79 Geo. L.J. 359, 385–88 (1990) (list of Supreme Court cases in which the Court considered the statutory interpretation offered by nonlegislators).

Consequently, if the regulations on substitution same condition drawback are not in violation of statute, the intention of the Customs Service in carrying out the legislative intent in its regulations is relevant to an interpretation of validly promulgated regulations.

Although the case law of this court has not articulated the distinction between admissibility and probative value, it does nevertheless indicate that the testimony of the drafter of a statute or regulation is not necessarily of probative value.

In *Kuehne & Nagel, Inc. v. United States*, 10 CIT 814 (1986), the plaintiff protested the classification of certain entries of tobacco as stemmed filler tobacco, under item 170.35 of the Tariff Schedules of the United States (TSUS). The plaintiff contended that the tobacco was properly classifiable as scrap tobacco, under item 170.60, TSUS, or, alternatively, as tobacco not specifically provided for, under item 170.80, TSUS. *See id.* at 814.

The court noted that the classification of the imported tobacco was governed by the meaning of the terms used in the TSUS at the time of the enactment of the TSUS. *See id.* at 815. Thus, in support of its interpretation of the terms used in the TSUS, the plaintiff cited the Tariff Classification Study of 1960, a report of the United States Tariff Commission. *See id.* at 816–17. Plaintiff also presented "the testimony of the very person who drafted the *Tariff Classification Study*[,] * * * subject to the court's ruling on a motion to strike. * * *" *Id.* at 817. This court, however, found the testimony "only minimally probative." *Id.* at 818. In a footnote, the court added:

> [T]he court believes that much of this witness' testimony should not be admitted into evidence. The court should not be in the position of calling upon legislators and their staff to explain meaning. Courts interpret statutes by looking at the statute, and the information that was available to all members of Congress when Congress considered the legislation at issue. The secret knowledge or thoughts of drafters are irrelevant.

*Id.*, n. 9. *See also National Customs Brokers and Forwarders Ass'n of Am. v. United States*, 14 CIT 108, 731 F. Supp. 1076, 1080–81 (1990).

That an affidavit of the author of a statute, stating the author's intention in drafting the statute, may not be probative of the suggested interpretation has also been noted by other courts. *See Friedman v. United States*, 364 F. Supp. 484, 488 (S.D. Ga. 1973); *Epstein v. Resor*, 296 F. Supp. 214, 216 (N.D. Cal. 1969), *aff'd*, 421 F.2d 930 (9th Cir.), *cert. denied*, 398 U.S. 965 (1970).

CONCLUSION

Since Mr. Steuart's affidavit presents legislative facts of which the court may take judicial notice, the affidavit is admissible. Accordingly, the defendant's motion to strike the affidavit is denied.