**Robert G. VAUGHN, Plaintiff,**

v.

**Bernard ROSEN, Defendant.**

**Civ. A. No. 1753–72.**

United States District Court,
District of Columbia,

Oct. 9, 1974.

---

Ronald L. Plesser, Alan B. Morrison, Washington, D. C., for plaintiff.

Derek I. Meier, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JOHN H. PRATT, District Judge.

This case is before the Court on remand[1] from the United States Court of Appeals for the District of Columbia for further proceedings consistent with the Court of Appeals opinion. We are to determine whether certain reports of inspections evaluating personnel management in the various federal agencies are exempt from disclosure under the Freedom of Information Act.[2] The reports are evaluations by the Bureau of Personnel Management of the Civil Service Commission and contain its findings and recommendations with respect to the performance by managers and supervisors of the various agencies in carrying out their personnel management responsibilities. The evaluations cover a wide variety of subjects: personnel management environment, equal employment opportunity, merit promotion and incentive awards, labor-management relations, position classification, processing personnel actions, manpower planning, performance evaluation, and so on. Many of the reports contain the evaluators' recommendations and these are often included under the caption "Action Items."

The Court of Appeals made no determination as to whether or not any of the exemptions claimed by defendant applied to the documents sought. Rather, the Court remanded the action and required defendant to provide a detailed justification for its claims of exemption, in place of conclusionary and generalized allegations. To this end, the Court suggested a "system of itemizing and indexing that would correlate statements made in the Government's refusal justification with the actual portions of the documents . . . such an indexing system would subdivide the document under consideration into manageable parts cross-referenced to the relevant portion of the Government's justification."[3]

■ Generally, the appropriate procedure in such matters is for the Court to review the documents *in camera* and evaluate the claim of exemption

---

1. Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820 (1973), cert. denied, 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974).

2. 5 U.S.C. § 552 (1970).

3. Vaughn v. Rosen, 157 U.S.App.D.C. 340, 484 F.2d 820, 827 (1973).

asserted.[4]  The difficulty with any system of judicial inspection is readily apparent when, as here, plaintiff submits a blanket request for access to documents without sufficiently describing the documents or their contents.

■ The affidavit of John J. Lafferty, Deputy Director, Bureau of Personnel Management Evaluation, United States Civil Service Commission, reflects that the number of documents involved here is approximately 2,448, filling seventeen standard-size, five-drawer cabinets.  According to Mr. Lafferty, the time required to index all the documents in accordance with the decision of the Court of Appeals would be 10,257.1 man-hours or 4.93 man-years, at a total cost to the Government of $96,176.00.[5]  It is clear from the affidavit that the cost, both in terms of time and money, of indexing the documents would be, in any practical sense, prohibitive.  A realistic solution to the dilemma posed by the suggestion of the Court of Appeals and the physical magnitude of the task become imperative.

Accordingly, of the approximately 2,448 reports sought by plaintiff, defendant with the agreement of the plaintiff, has submitted nine representative samples of the reports with identifying details deleted.  Accompanying each representative sample, defendant has submitted a table giving a breakdown of each report by page, paragraph or sentence together with the reason or reasons to explain why the material sought is exempt from disclosure under the Act.  The parties have agreed that the samples are representative of the documents sought, and they have agreed that the ultimate judicial decision based on these nine representative samples will be considered applicable to all of the documents sought in this action.  Both parties, therefore, believe that the opinion of the Court of Appeals has been substantially complied with by defendant.  We concur.[6]

It has been repeatedly held that the Freedom of Information Act creates a liberal disclosure requirement limited only by specific exemptions which are to be narrowly construed.  It is defendant's position that plaintiff should be denied access to the requested documents on the basis of Sections (b)(2),[7] (b)(5),[8] and (b)(6)[9] of the Act.

1. *The claim of exemption under Section (b)(2).*

Section (b)(2) exempts from disclosure matters that are "related *solely* to the internal personnel rules and practices of an agency." (emphasis supplied).

Defendant would interpret the (b)(2) exemption to mean the "ways and means by which agency managers supervise

4. Sterling Drug Inc. v. F. T. C., 146 U.S. App.D.C. 237, 450 F.2d 698 (1971).

5. Affidavit of John J. Lafferty (April 5, 1974) pp. 4–9.

6. The Court in Environmental Protection Agency v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973), cited several methods short of *in camera* inspection by which an agency could sustain its position that documents do not contain severable factual material.  The agency may demonstrate by surrounding circumstances that the documents are purely advisory and contain no separable factual information, submit a representative document for inspection, or disclose factual portions and attempt to establish that the excised portions "constitute the bare bones of protected matter." at 93, 93 S.Ct. at 839.

7. The FOIA provides that "this section does not apply to matters that are . . . related solely to the internal personnel rules and practices of an agency." 5 U.S.C. § 552(b)(2) (1970).

8. The FOIA provides that "this section does not apply to matters that are . . . inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5) (1970).

9. The FOIA provides that "this section does not apply to matters that are . . . personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6) (1970).

their personnel and utilize their services."[10] Pursuant to this section, defendant seeks exemption from public disclosure of evaluations of personnel practices of the various agencies in such areas as promotions, management techniques, recruitment programs, and hiring. It is our opinion, after an examination of the nine reports, that such documents clearly fall outside the purview of Exemption 2, which requires not only that the material be "related" to internal rules and practices, but "related solely" to such matters.[11]

■ As the Court reads Section (b)(2), its plain words exempt from the disclosure requirements of the Act general intra-agency housekeeping rules and practices, such as those related to parking facilities, regulation of lunch hours, sick leave policy, work schedules and office assignments.[12] The sample documents, on the other hand, are evaluations by the Civil Service Commission of the performance of various federal agencies in achieving certain personnel goals and objectives. The thrust of the reports is to evaluate compliance with government-wide personnel policies such as merit promotion, equal employment, work incentive programs and the like. Matters of general public policy have a substantial potential for public interest outside the Government. Federal employment policies, which are, after all, publicly financed, are matters of important public concern. Moreover, reports evaluating agency compliance with such policies cannot be said to relate "solely" to "internal" personnel rules, such as lunch rooms, sick leave and parking lots. Accordingly, all documents or portions thereof claimed to be exempt under Section (b)(2) alone must be disclosed.

### 2. The claim of exemption under Section (b)(5).

Section (b)(5) of the Act exempts from disclosure "inter-agency and intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."

■ This provision has been held to require the disclosure of documents unless they contain recommendations or deliberations in the course of the decision-making process or exchanges of views within an agency or between agencies.[13] Portions containing factual data which can be separated out from the decision-making process and which are not subject to another exemption must also be disclosed.[14]

In considering the nine representative samples, it is necessary to divide the documents into two portions—(1) the factual, investigative and evaluative portions, and (2) the so-called "Action Items" and other recommendatory portions.

■ The line of demarcation between what may be withheld and what must be disclosed is not between facts and opinions. Exemption 5 was designed to foster uninhibited discussion within an agency of legal and policy matters and to prevent premature disclosure of agency records when such disclosure might impede the proper functioning of the administrative process. Thus, the line we must draw is between pre-decisional and decisional documents.

■■ A careful examination of the reports makes it clear that the evaluations and factual data are not solely, or even largely, a part of the pre-decisional or consultative or deliberative process, but rather reflect final objective analy-

10. Defendant's Memorandum (July 30, 1974) at 6.

11. Stokes v. Brennan, 476 F.2d 699 (5th Cir. 1973).

12. Senate Report No. 813, 89th Cong., 1st Sess. 8 (1965).

13. Environmental Protection Agency v. Mink, 410 U.S. 73, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973).

14. Id.

ses of agency performance under existing policy.[15] These documents primarily reveal whether the agencies' policies are being carried out. They are not advisory opinions, position papers, policy recommendation, or other such intra-governmental documents concerned with the deliberative processes of the Commission. They are not composed "exclusively" for purposes of assisting policy formulation, but instead serve to reflect adherence to policies already announced.[16] Since the Court is not persuaded that these portions fall within the exemption of (b)(5), they must be disclosed.

■ On the other hand, a relatively small portion of the documents consists, not of evaluations of past performance, but of recommendations looking to the future. The purpose of the "Action Items" and other recommendatory portions is therefore to shape prospective agency policy and performance. For this reason, the recommendatory portions of the documents contained in the "Action Items" and other sections clearly are "inter-agency" documents reflecting deliberations by the Civil Service Commission communicated to officials of particular agencies. They are prepared for presentation to the appropriate officials of each agency evaluated, and they contain the Bureau's opinions on how the agencies' managers and supervisors can improve the effectiveness of personnel management operations. Thus, they are necessarily tentative and, if not correct, may evoke a response from the agency under examination.[17] These are not the final policy, but the theories and ideas which will influence the final personnel policy. As such, they should not be made available to the public. Accordingly, those portions of the documents labelled "Action Items," together with those portions consisting of advice and recommendations from the Civil Service Commission to other agencies are exempt from disclosure under Section (b)(5). These recommendations and "Action Items" exempt from disclosure can easily be severed, leaving the factual data and evaluative material intact.

3. *The claim of exemption under Section (b)(6).*

■ Section (b)(6) exempts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."

There appear to be three categories of information the disclosure of which defendant claims would constitute an invasion of personal privacy: (1) case listings at the end of some of the reports which refer to individual employees,

15. Unlike Washington Research Project, Inc. v. HEW, 504 F.2d 238 (D.C.Cir. 1974), the Court is not confronted with a situation in which the evaluative material is pre-decisional and prospective in emphasis. It is clear that the documents in question here are final evaluations of the implementation of *existing* policies. Evaluations of adopted policy, like a great deal of factual material but unlike subjective evaluations in general, should be disclosed because such evaluations are not likely to inhibit the free flow of agency communications: "And the policies supporting Exemption 5 as well as its predecessor privilege—the practical need for privacy in the formulation of policy, avoiding misleading the public, and judging officials for what they actually decide rather than what they say or write to themselves beforehand—are not jeopardized when, after a decision has been communicated to the public by a decision-maker, a document whose whole purpose and effect, . . . are to support that decision is disclosed." Grumman Aircraft Eng. Corp. v. Renegotiation Board, 157 U.S.App.D.C. 121, 482 F.2d 710, 719 (1973).

16. *Id.* "Thus for purposes of applying Exemption 5 we believe a distinction must be drawn between documents composed *exclusively* for purposes of assisting policy formulation and those which serve to reflect policy already made and announced." (emphasis supplied).

17. This is undoubtedly one of the fears lurking in the background of the Court's decision in Sterling Drug Inc. v. F. T. C., 146 U.S. App.D.C. 237, 247, 450 F.2d 698, 708 (1971). Thus, in *Sterling* the Court refers to "the possible inaccuracies and omissions in these memoranda" as being an important consideration affecting their conclusion that they need not be disclosed. (p. 708).

grade levels, job classification and required action, usually indicating that the level of duties fails to satisfy the criteria for the particular grade level; (2) textual references to employees who have filed complaints or have relevant case histories; and (3) evaluations of particular agency officials, usually those in personnel management, referred to by name or title. Plaintiff has agreed to the deletion of information in categories 1 and 2. Therefore, the type of information claimed by defendant to be exempt from disclosure under Section (b)(6) and contested by plaintiff are the evaluations of particular agency officials, referred to by name or title.

The application of this exemption involves a balancing of the interest of the individual in his personal privacy against the interests of the public in being informed.[18]

Release of the desired information would clearly constitute an invasion of personal privacy. Identification of evaluated employees could expose them to practical disabilities, such as loss of future employment or friends, and perhaps acute embarrassment. While the mere loss of anonymity may be considered only a minor invasion of privacy, to disclose an individual's name together with an evaluation and criticism of his job performance is certainly a serious invasion which would better be kept secret.

Nor do public interest considerations require that the information be disclosed. Whatever interest the public has in these matters is for the most part met by disclosure of evaluations of agency personnel management performance, not by evaluations of particular individuals. The public has a need to know the details of an agency evaluation but there appears no genuine need to identify the individuals involved in the evaluation if the identity has no bearing or effect on the general public. Admittedly, the matter is not free from doubt and drawing a line between what may be withheld and what must be disclosed is not without difficulties. Where, as here, the interests of an individual in protection from an unnecessary invasion of his personal privacy are clear, as contrasted with the indefinite interest of an undefined public in obtaining disclosure, we conclude that the balancing of interests tilts in favor of nondisclosure.

Accordingly, we hold that those portions of the documents which consist of evaluations of particular agency officials, referred to by name or title, are exempt from disclosure under Section (b)(6).

An order reflecting the substance of the foregoing has been entered this day.

## ORDER

Upon consideration of the motion of plaintiff for summary judgment, defendant's cross-motion for summary judgment, and the entire record herein, the Court having carefully examined the nine representative documents agreed by the parties to govern the Court's determination as to all the documents sought by plaintiff, together with the affidavits and arguments advanced by the parties, and the Court being fully advised in the premises, the Court finds:

1. That the documents as a whole are not related solely to the internal personnel rules and practices of the various agencies and, therefore, are not exempt from disclosure within the meaning of 5 U.S.C. § 552(b)(2);

2. That those portions of the documents labelled "Action Items," together with those portions consisting of advice and recommendations from the Civil Service Commission to other agencies, constitute inter-agency memoranda which would not be available by law to a party other than an agency in litigation with the agency and are therefore exempt from disclosure in accordance with 5 U.S.C. § 552(b)(5);

3. That intertwined with the "Action Items" and other recommendatory portions are materials that do not consist

---

18. Getman v. N. L. R. B., 146 U.S.App.D.C. 209, 450 F.2d 670 (1971).

primarily of advice and recommendations, but are evaluative reports consisting of facts and opinions, which reports do not constitute inter-agency memoranda which would not be available by law to a party other than an agency in litigation with the agency, and therefore are not exempt from disclosure under 5 U.S.C. § 552(b)(5); and

4. That those portions of the documents which contain case listings referring to individual employees, textual references to employees who have filed complaints or have relevant case histories referred to in the documents and evaluations of particular individuals, referred to by name or title, are material the disclosure of which would constitute a clearly unwarranted invasion of personal privacy within the meaning of 5 U.S.C. § 552(b)(6) and are, therefore, exempt from disclosure.

Accordingly, it is by the Court this 9th day of October, 1974,

Ordered, that the motion of plaintiff for summary judgment as to all documents claimed exempt under 5 U.S.C. § 552(b)(2), and all portions of documents which consist of evaluations or factual data and claimed exempt under 5 U.S.C. § 552(b)(5), be and hereby is granted; and it is further

Ordered, that the motion of defendant for summary judgment as to all portions of documents labelled "Action Items," and consisting of advice and recommendations, and claimed exempt under 5 U.S.C. § 552(b)(5), and all portions of the documents which consist of case listings referring to individual employees, textual references to employees who have filed complaints or have relevant case histories referred to in the documents and evaluations of particular agency officials, referred to by name or title and claimed exempt under 5 U.S.C. § 552(b)(6), be and hereby is granted; and it is further

Ordered, that in all other respects the motions of plaintiff and defendant be and hereby are denied; and it is further

Ordered, that with respect to those documents or portions thereof to which under the terms of this Order plaintiff is given access, plaintiff, having been given index cards describing each of the reports, shall describe and specify in detail the particular document or portion thereof requested and shall bear all costs of copying or photostating the same.