Catherine **RABBITT**, as Executrix of the Estate of James F. Rabbitt, Deceased, Plaintiff,

v.

**DEPARTMENT OF THE AIR FORCE,** Defendant.

**No. 72 Civ. 2323.**

United States District Court, S. D. New York.

Oct. 31, 1974.

As Amended Nov. 6, 1974.

---

David L. Odom, Sausalito, Cal., for plaintiff.

Paul J. Curran, U. S. Atty., New York City, Samuel Wilson, Asst. U. S. Atty., for defendant.

LASKER, District Judge.

On December 1, 1970, a fire engulfed an Air Force F–4C aircraft, killing James F. Rabbitt, a Captain in the United States Air Force and navigator of the damaged plane. The explosion which caused the fire occurred during a refueling operation at Davis-Monthan Air Force Base in Arizona. After conducting an investigation of the accident, the Air Force compiled an Aircraft Accident Investigation Report (AAIR). Attorney for plaintiff, the Executrix of Captain Rabbitt's estate, requested pursuant to Air Force Regulations [1] a copy of the report to determine whether a meritorious claim for wrongful death existed. On October 21, 1971, the Director of Aero-

space Safety denied the request for the AAIR but provided plaintiff with a "Summary of Circumstances" of the accident. The refusal to release the report was appealed pursuant to Air Force Regulations [2] to the Secretary of the Air Force, who ordered the Air Force to provide plaintiff with a portion of, but not the complete, AAIR. In compliance with the determination, the Air Force forwarded the material to plaintiff. A further appeal to release the remaining portions of the report was denied by the Air Force on February 7, 1972.

The information being withheld consists of the deliberations, recommendations, opinions and findings of investigating officers; the transcripts of statements given by witnesses to the investigative board; and portions of two medical records (Life Science Reports) of two other Air Force personnel involved in the accident.

Following the denial of her appeal, plaintiff brought this action to enjoin defendant from withholding the material in question and to direct the Air Force to produce a complete copy of the AAIR. Plaintiff asserts that it is impossible to determine if a meritorious claim for wrongful death exists without access to the entire report. She contends that disclosure is required by the Freedom of Information Act, 5 U.S.C. § 552. The Air Force justifies its actions by asserting that sections of the statute, 5 U.S.C. § 552(b)(4), (5) and (6), exempt the material sought from the scope of the disclosure requirement and even if we find the statutory exemptions inapplicable, the Government asks this Court to exercise its equitable powers to deny plaintiff relief. Both parties have moved for summary judgment and agree that there are no issues of material fact. For reasons set forth below, the Government's motion is denied and the plaintiff's motion is granted in part and deferred in part.

---

1. *See* 5 U.S.C. § 552; AFR 127–4 ¶ 20.

2. AFR 12–30, Section F, ¶ 15.

**1068**

## I.

### *The Deliberations, Recommendations, Opinions and Findings of Investigating Officers.*

■ The Freedom of Information Act, 5 U.S.C. § 552(a)(3) provides that:

"each agency, on request for identifiable records made in accordance with published rules stating the time, place, fees to the extent authorized by statute, and procedure to be followed, shall make the records promptly available to any person."

Nine specific exceptions to the statutory requirement are established by 5 U.S.C. § 552(b)(1)–(9), but according to the explicit language of the Act, any material falling outside the ambit of the nine categories remains subject to mandatory disclosure. 5 U.S.C. § 552(c). As the Court of Appeals for the Second Circuit has stated, the policy of the Act is "to increase significantly the public availability of agency records." La Mort v. Mansfield, 438 F.2d 448, 451 (2d Cir. 1971).

■ The unreleased portion of the AAIR in question consists of three different types of information. According to defendant, Exemption 5 of the Act creates authority for withholding the first of these categories, the Accident Board's deliberations, recommendations, opinions and findings. That exemption excuses the Government from disclosing:

"inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

Courts have construed this section to require disclosure of "purely factual, investigative matters" but to insulate from discovery "materials reflecting deliberative or policy-making processes." Environmental Protection Agency v. Mink, 410 U.S. 73, 89, 93 S.Ct. 827, 837, 35 L.Ed.2d 119 (1973); Soucie v. David,

145 U.S.App.D.C. 144, 448 F.2d 1067 (1971); Kreindler v. Dept. of Navy of United States, 372 F.Supp. 333 (S.D.N.Y.1974); Consumers Union v. Veterans Administration, 301 F.Supp. 796 (S.D.N.Y.1969), appeal dismissed as moot, 436 F.2d 1363 (2d Cir. 1971).

The Air Force contends that it has turned over all facts which, measured by the recited test, are not exempt from disclosure. (Memorandum at p. 15.) If the factual data in the AAIR has indeed already been released in full to plaintiff, then the Government will prevail. Furthermore, any facts which remain undisclosed and are "inextricably intertwined" with the decision-making aspects of the report, are exempt from disclosure. Environmental Protection Agency v. Mink, *supra.*

■■ But the Government's affidavits and memorandum of law cannot conclusively establish the extent of exempt material, for this determination is within the court's province alone. Environmental Protection Agency v. Mink, *id.*; Kreindler v. Dept. of Navy, 363 F. Supp. 611, 613–614 (S.D.N.Y.1973). While Congress intended the exemption of intra-agency deliberations to ensure unfettered decision-making and reflection among the Government's policymakers, the statute does not authorize an agency, by a mere assertion, "to throw a protective blanket over all information by casting it in the form of an internal memorandum." Bristol-Myers Co. v. F. T. C., 138 U.S.App.D.C. 22, 424 F.2d 935, 939 (1970), cert. denied, 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970).

■ The defendant is, therefore, ordered to produce the AAIR for *in camera* inspection by the court to determine what portions are exempt under 5 U.S.C. § 552(b)(5). *Accord, e. g.,* Environmental Protection Agency v. Mink, *supra,* 410 U.S. at 73, 93 S.Ct. 827; Soucie v. David, *supra*; Kreindler v. Dept. of Navy, *supra*; Cowles Communications, Inc. v. Department of Justice, 325 F. Supp. 726, 727 (N.D.Cal.1971).

## II.

*The Transcripts of Witnesses' Statements to the Investigation Board.*

█ The second category of information which the Government alleges is exempt consists of transcripts of statements by witnesses to the Air Force Investigation Board. Defendant contends that the Board's promise to keep these statements confidential and to refuse to release them except for accident prevention purposes brings the transcripts within Exemption 4 of the Act which protects

"trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4).

One insuperable difficulty with the argument is that the Air Force nowhere alleges that the witnesses' statements pertain to trade, commerce or financial information. It merely emphasizes the importance of civilian and military cooperation in promoting Air Force safety. (Memorandum at p. 18.) This claim alone cannot support the defendant's position, for the wording of Exemption 4 makes confidentiality merely one of three factors to be considered, and Congress' decision to allow widespread disclosure is inconsistent with allowing agencies to immunize documents so easily. Courts which have considered this contention have rejected it. Getman v. N. L. R. B., 146 U.S.App.D.C. 209, 450 F.2d 670, 673 (1971); Tax Analysts and Advocates v. Internal Revenue Service, 362 F.Supp. 1298, 1307 (D.D.C.1973); Consumers Union of United States v. Veterans Administration, *supra* 301 F. Supp. at 802.

█ It is true that some courts in construing Exemption 4 have distinguished between statements given by government personnel and those furnished by civilian witnesses. E. g., Soucie v. David, *supra*, 448 F.2d at 1079; Grumman Aircraft Engineering Corp. v. Renegotiation Board, 138 U.S.App.D.C.

147, 425 F.2d 578, 582 (1970); Consumers Union of United States v. Veterans Administration, *supra*, 301 F.Supp. at 802–803. In holding information obtained from witnesses outside the government exempt from disclosure, these courts have stressed that in a governmental investigation a civilian may have a greater or more justifiable expectation of privacy than a government employee, and that there is a risk that, absent such confidentiality, further cooperation with government investigations would cease. Tax Analysts and Advocates v. Internal Revenue Service, *supra*, 362 F.Supp. at 1307. We agree, however, with Judge Weinfeld's ruling in Kreindler v. Department of Navy that the statutory language of Exemption 4 supports no such distinction, *supra*, 372 F.Supp. at 334. The Freedom of Information Act "conveys no discretionary power to vary the standards established in the law itself." Tennessean Newspapers, Inc. v. Federal Housing Authority, 464 F.2d 657, 661 (6th Cir. 1972).

█ The Air Force also argues that Exemption 6 which exempts from disclosure certain "personnel and medical files and similar files" justifies its refusal to release witnesses' statements. 5 U.S.C. § 552(b)(6). Even if the statutory exemptions were not to be "narrowly construed", *see* Bristol-Myers Co. v. F. T. C., *supra*, 424 F.2d at 938, the scope of subsection 6 which relates solely to "files" cannot be stretched to cover witnesses' statements. Kreindler v. Dept. of Navy, *supra*.

## III.

*Portions of Two Life Science Reports Pertaining to Other Individuals Involved in the Accident.*

The remaining sections of the AAIR which have been withheld from the plaintiff consist of medical records of the second occupant of the damaged aircraft and a ground crew man who was killed in the accident. To justify its action as to these records, the Air Force

relies on Exemption 6 which exempts from disclosure:

> "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

 The application of this provision requires the court to consider whether disclosure threatens the privacy of any individual; and, if so, to balance such injury against the plaintiff's need for the material in order to determine whether the invasion is "clearly unwarranted." See Getman v. N. L. R. B., *supra*, 450 F.2d at 674–677; Wine Hobby, U. S. A., Inc. v. United States Bureau of Alcohol, etc., 363 F.Supp. 231, 235–237 (E.D.Pa.1973).

 Turning to the reports in this case, we fail to perceive any invasion of privacy in releasing the medical report of the deceased ground crew member. Release of medical information relating to the surviving occupant falls in a different category. The Life Science Report concerning Captain Rabbitt which the Air Force furnished plaintiff illustrates that such reports may contain embarrassing information. A decision as to whether the invasion of privacy here is more than minimal must await an *in camera* inspection of the report. Such an inspection will also establish whether the report is irrelevant to plaintiff's purpose and, therefore, whether its disclosure would be unwarranted.

### IV.

We turn to the Air Force's request that the Court uphold its claim of privilege as a matter of equity.

 We decline the Air Force's suggestion that we should balance the parties' needs either for disclosure or secrecy because we find no statutory basis for such an exercise. As previously not-

ed, section (c) of the Act explicitly makes the nine statutory exemptions exclusive. 5 U.S.C. § 552(c). The Supreme Court in Environmental Protection Agency v. Mink, *supra*, 410 U.S. at 79, 93 S.Ct. 827, construed section (c) literally, and stated that those nine provisions "were the sole exceptions to disclosure." While some courts have denied a claim of disclosure on equitable rather than statutory grounds, none of those cases were decided after Environmental Protection Agency v. Mink,[3] and the great weight of authority has held, as the Circuit Court for the District of Columbia did, that:

> "a District Court has no equitable jurisdiction to deny disclosure on grounds other than those laid out under one of the Act's enumerated exceptions." Getman v. N. L. R. B., *supra*, 450 F.2d at 678.

See also Tax Analysts and Advocates v. Internal Revenue Service, *supra*, 362 F. Supp. at 1309; Hawkes v. Internal Revenue Service, 467 F.2d 787, 792 fn. 6 (6th Cir. 1972); Tennessean Newspapers v. F. H. A., 464 F.2d 657, 661 (6th Cir. 1972); Soucie v. David, *supra*, 448 F.2d at 1077; Wellford v. Hardin, 444 F.2d 21, 24–25 (4th Cir. 1971); General Services Administration v. Benson, 415 F.2d 878, 880 (9th Cir. 1969); Long v. Internal Revenue Service, 349 F.Supp. 871, 875 (W.D.Wash.1972); Consumers Union of United States v. Veterans Administration, *supra*, 301 F.Supp. at 806.

### V.

In sum, the Government's motion for summary judgment is denied. Plaintiff's motion is granted as to those portions of the AAIR which contain the transcripts of witnesses' statements. The Air Force is directed to release this material to plaintiff. Decision as to the remaining portions of the report is deferred pending submission of the report

---

3. General Services Administration v. Benson, 415 F.2d 878, 880 (9th Cir. 1969); Long v. Internal Revenue Service, 349 F.Supp. 871, 875 (W.D.Wash.1972); Consumers Union of United States v. Veterans Administration, *supra*, 301 F.Supp. at 806.

to the court for an *in camera* inspection to determine whether and to what extent the remaining material falls within the exceptions of 5 U.S.C. § 552(b)(5) and (6).

It is so ordered.