The **CESSNA AIRCRAFT COMPANY,** a corporation, Plaintiff,

v.

**NATIONAL LABOR RELATIONS BOARD et al., Defendants.**

Civ. A. No. 75–111–C6.

United States District Court, D. Kansas.

Aug. 21, 1975.

As Amended Dec. 2, 1975.

Alvin D. Herrington, of McDonald, Tinker, Skaer, Quinn & Herrington, Wichita, Kan., for plaintiff.

Abigail Cooley, Asst. Gen. Counsel for Special Litigation,. Washington, D. C., Harry Irwig, Reg. Atty., Region 17, N.L.R.B., Kansas City, Kan., for defendants.

## ORDER OVERRULING DEFENDANTS' MOTION TO DISMISS, OR FOR SUMMARY JUDGMENT

WESLEY E. BROWN, Chief Judge.

On April 30, 1975, plaintiff, Cessna Aircraft Company filed this action, seeking relief under the provisions of the Freedom of Information Act, 5 U. S.C.A. § 552(a)(4)(B) and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. The complaint seeks to enjoin the defendant National Labor Relations Board, and its agents, Peter G. Nash, General Counsel, and Thomas C. Hendrix, Regional Director, Region 17, from withholding agency records, and plaintiff seeks an order requiring the production of Board records improperly withheld.

Defendants have moved to dismiss the complaint for absence of subject matter jurisdiction, and for failure to state a claim upon which relief may be granted. In the alternative, defendants move for summary judgment upon the ground that the documents which plaintiff seeks are privileged from disclosure under various exemptions provided by the Freedom of Information Act, 5 U.S.C.A. § 552(b)(2), (5), (7), (A), (C), (D), as amended, Pub.L. 93–502, effective February 19, 1975.

Upon review of plaintiff's complaint, exhibits thereto, and consideration of the briefs filed in support of, and in opposition to the instant motion, the Court determines that defendants' Motion to Dismiss, or for Summary Judgment should be overruled.

In January, 1975, the Regional Director of the 17th Region of the National Labor Relations Board issued a complaint, alleging that plaintiff Cessna Aircraft Company had violated the National Labor Relations Act by discharging and refusing to reinstate two employees because of their union activities. (Complaint, Ex. A). That action is presently pending before the Board.

By letter of February 25, 1975, Cessna Aircraft Company requested certain documents from the Board, pursuant to the provisions of the Freedom of Information Act, 5 U.S.C. § 552. The documents requested were:

a) the document of the Director authorizing issuance of the complaint;

b) his instructions to his staff to issue the complaint;

c) all advice and appeals memoranda in the instant controversy, or any case relied upon by the Director;

d) all documents incorporated by reference in any of the requested documents;

e) all statements of witnesses taken by General Counsel in investigating the case, and notes made from such investigation;

f) the names and addresses of all witnesses the General Counsel planned to use at hearing;

g) a list of cases where the Board refused to defer to arbitration awards that were relied on by the Regional Director, or would be relied upon at the hearing before the Board.

The District Director denied the request and on appeal to the General Counsel the denial was affirmed upon grounds of privilege and exemptions provided by the Freedom of Information Act, 5 U. S.C. § 552(b)(5) and (7)(A), (C) and (D).

The pertinent exemptions provided for in the Act relate to matters that are: (5 U.S.C.A. § 552(b))

"(2) related solely to the internal personnel rules and practices of an agency;[1]

\* \* \* \* \* \*

"(5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;

\* \* \* \* \* \*

"(7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records, would (A) interfere with enforcement proceedings \* \* \* (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation . . .. confidential information furnished only by the confidental source, (E) disclose investigative techniques and procedures . . . ."

Under date of April 15, 1975, the General Counsel claimed that the documents were exempt as being (1) intra-agency memoranda which would not be available by law to a party other than an agency in litigation with this Agency (§ 552 (b)(5)); (2) they are investigatory records compiled for law enforcement purposes, disclosure of which would interfere with enforcement proceedings; (3) disclosure would constitute an unwarranted invasion of privacy and reveal confidential sources (exemptions 7(C) and 7(D), § 552(b)); (3) disclosure of witnesses' names and statements would be contrary to Board Rules and Regulations, and would interfere with present and future enforcement proceedings; (4) disclosure of witnesses' names and statements would invade personal privacy of individuals submitting statements, and disclosure would reveal the identity of confidential sources.

It further appears that plaintiff Cessna Aircraft Company has exhausted all of its administrative remedies pursuant to the provisions of 5 U.S.C.A. § 552(a)(6).

Defendants contend that district courts are without jurisdiction to review the actions of the General Counsel or his agents during the course of Board proceedings, and that a review of assertions of prejudice or statutory rights in preparing a defense because of the refusal of the Board to permit discovery are provided for in the exclusive statutory review procedures set out in 29 U.S.C. § 160(e) and (f), providing for review in the Court of Appeals. In support of this position, defendants cite *Sears, Roebuck & Co. v. N.L.R.B.* (6 Cir. 1970) 433 F.2d 210, 211; *National Labor Relations Board v. Gala-Mo Arts* (8 Cir. 1956) 232 F.2d 102, 106; *Polymers, Inc. v. N.L.R.B.* (2nd Cir. 1969) 414 F.2d 999, 1005–1006, cert. den. 396 U.S. 1010, 90 S.Ct. 570, 24 L.Ed.2d 502, and *Myers v. Bethlehem Shipbuilding Corp.* (1938) 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638. In addition, defendants rely on 10th Circuit cases to the effect that the N.L.R.B. need not adopt discovery procedures contemplated by the Federal Rules of Civil Procedure. *North American Rockwell Corp. v. N.L.R.B.* (10 Cir. 1968) 389 F.2d 866, 871–872; *N.L.R.B. v. Leprino Cheese Co.* (10 Cir. 1970) 424 F.2d 184, 187, cert. den. 400 U.S. 915, 91 S.Ct. 173, 27 L.Ed.2d 154; *N.L.R.B. v. Central Oklahoma Milk Producers Ass'n.* (10 Cir. 1960) 285 F.2d 495, 498.

Plaintiff, in response to the issue of jurisdiction, cites *Leedom v. Kyne* (1958) 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210, which ruled that the district court had jurisdiction of a collateral action to set aside an order of the N.L.R.B. which clearly exceeded the Board's pow-

---

1. In answers to Interrogatories it appears that defendants no longer claim exemption under 5 U.S.C. § 552(b)(2). (attachment to Dkt. 9)

ers. At p. 190, 79 S.Ct. at p. 185, 3 L. Ed.2d at 215, the court held:

"This Court cannot lightly infer that Congress does not intend judicial protection of rights it confers against agency action taken in excess of delegated powers."

The 10th Circuit decisions cited by defendants were, of course, upon direct review of Board findings and determinations, and did not involve application of, or discussion of, the Freedom of Information Act. The same situation essentially appears in the *Gala-Mo Arts,* and *Bethlehem Shipbuilding* cases. In *Sears, Roebuck v. N.L.R.B.,* supra, 433 F.2d 210, the complaint was brought under the provisions of 5 U.S.C.A. § 522, but the prayer for relief requested the court to enjoin further proceedings before the NLRB and sought a declaratory judgment finding its right to review under 29 U.S.C.A. § 160 was prejudiced. The 6th Circuit found that the form of relief sought by plaintiff there would constitute a premature review of Board actions and ruled that the appropriate method of review of the Board's orders was by petition for review in the court of appeals under 29 U.S.C. § 160.

 In the instant complaint, Cessna Aircraft Company does not seek to enjoin the hearing now pending before the Board and this Court does not contemplate any interference with the Board's adjudicatory proceedings. They may proceed to finality in the ordinary course of events. The court is of the opinion, however, and it so finds, that it has jurisdiction to adjudicate plaintiff's rights under the Freedom of Information Act, 5 U.S.C. § 552(a)(3), which provides that the agency shall make records promptly available *"to any person",* and § 552(a)(4), which provides:

"(B) On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. *In such a case the court shall determine the matter de novo,* and may examine the contents of such agency records in camera to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) of this section, and the burden is on the agency to sustain its action" (emphasis added)

This is not an action to review decisions of the Board regarding discovery matters which may or may not arise during the hearing in controversy now before that Board. This is a separate and distinct action to enforce provisions of the Freedom of Information Act, whose benefits are available "to any person". The Board cannot seriously contend that it is somehow exempt from provisions of the Act, or that its internal rules and regulations regarding discovery may apply to nullify provisions of that Act, or that plaintiff here, simply because it is engaged in litigation before the Board, is relegated to lesser status than general members of the public who may seek information pursuant to provisions of the Act. In this connection, the recent decision of the Supreme Court in *NLRB v. Sears, Roebuck & Co.,* (1975), 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29, is of particular interest. While the Court was concerned with the merits of claimed exemptions under the Act, a careful reading of the opinion discloses that at the time the complaint was filed under 5 U.S.C. § 552, Sears was in the process of preparing an appeal to the General Counsel from the refusal of the Regional Director to file a complaint in response to charges filed by Sears. Sears processed the appeal, without benefit of the documents it sought in the § 552 action, a complaint on Sears' charges was filed by the Board, and hearings were scheduled on the com-

plaint before the Board. In discussing this procedure, f. n. 10, 421 U.S. at p. 143, 95 S.Ct. at p. 1513, 44 L.Ed.2d at p. 43, the Supreme Court noted:

. . . Sears' appeal—without, the benefit of the documents sought—was ultimately successful, a complaint was filed with the Board, and hearings were scheduled to commence on the complaint on November 9, 1971. [Proceedings before the Board were delayed for a time by a stay issued by the District Court, later reversed by the Court of Appeals, *Sears Roebuck & Co. v. N.L.R.B.*, 153 U.S.App.D.C. 380, 473 F.2d 91 (1973), *cert. denied,* 415 U.S. 950, 945 S.Ct. 1474, 39 L.Ed. 2d 566 (1974). . . .]

Sears' rights under the Act are neither increased nor decreased by reason of the fact that it claims an interest in the Advice and Appeals Memoranda greater than that shared by (an) average member of the public. The Act is fundamentally designed to inform the public about agency action and not to benefit private litigants. *E.P.A. v. Mink,* 410 U.S. 73, 79, 92, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973); *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974).

■ The court believes that § 552(a) (4)(B) requires the Board to sustain its claim of privilege by establishing that the documents in question are specifically exempt from disclosure under one or more of the statutory exemptions—that the Board has the burden of proof in sustaining its action, and that this court must determine the matter *de novo.*

■ The foregoing conclusions require that defendants' motion to dismiss or for summary judgment be overruled. Defendants, in effect, contend that the questioned documents are clearly exempt under the Act simply because they say it is so. The burden of proving exemption lies with the agency. No answer has been filed by defendants wherein they assume the burden of showing exemp-

tion. The court must hear the matter de novo, and will be required to make findings of fact and conclusions of law concerning the claimed exemptions. For recommended procedure, see *Theriault v. United States* (9 Cir. 1974) 503 F.2d 390; *Washington Research Proj. Inc. v. Department of HE&W* (D.C.1973) 366 F.Supp. 929, rev. in part, 164 U.S.App. D.C. 169, 504 F.2d 238 (1974) appeal pending; *Vaughn v. Rosen* (D.C.1974) 383 F.Supp. 1049; *Rabbitt v. Department of the Air Force* (S.D.N.Y.1974) 383 F.Supp. 1065; *Petkas v. Staats* (D.C.Cir. 1974) 163 U.S.App.D.C. 327, 501 F.2d 887; *NLRB v. Sears,* supra, 421 U.S. 132, 95 S.Ct. 1504, 44 L.Ed.2d 29.

■ The Board in this instance may not avoid the consequences of the Freedom of Information Act by simply asserting that the requested documents are all subject to exemption. As noted by the Court in *Rabbitt v. Department of the Air Force,* supra, 383 F.Supp. 1065 at 1068:

"But the Government's affidavits and memorandum of law cannot conclusively establish the extent of exempt material, for this determination is within the court's province alone. . . . While Congress intended the exemption of intra-agency deliberations to ensure unfettered decision-making and reflections among the Government's policymakers, the statute does not authorize an agency, by a mere assertion, 'to throw a protective blanket over all information by casting it in the form of an internal memorandum' . . . ."

A review of the legislative history of the Freedom of Information Act reveals that government agencies have continually resisted legislation establishing a right of access to information in agency files. In the 1966 amendment to the Administrative Procedure Act, Pub.L. 89–487, 5 U.S.C. § 1002, House Report No. 1497, U.S.Code Cong. & Admn.News 1966, p. 2418 et seq., discussing the need for legislation, report-

ed that 5 U.S.C. § 1002, although titled "Public Information", had been used as a vehicle for withholding, rather than disclosing information, and numerous examples were cited.[2] In conclusion, the Report found:

> "It is vital to our way of life to reach a workable balance between the right of the public to know and the need of the Government to keep information in confidence to the extent necessary without permitting indiscriminate secrecy. The right of the individual to be able to find out how his Government is operating can be just as important to him as his right to privacy and his right to confide in his Government. This bill strikes a balance considering all these interests." U.S.Code Cong. & Admin.News 1966, pp. 2418, 2423.

In the most recent amendment to the Act, P.L. 93–502, Congress sought to further strengthen its provisions in order to reach the goal of more efficient, prompt, and full disclosure of information. In this respect, amendments related to avoidance of extensive delay, publication of indexes which would facilitate access to information, imposition of attorneys' fees and costs from government funds to prevailing parties, at the discretion of the court, an expansion of the definition of "agency" to insure inclusion of government corporations, government controlled corporations, and an amendment to insure that in its de novo review of agency actions, the federal courts would have complete access to government documents for pur-

pose of *in camera* review. House Report No. 93–876, Pub.Law 93–502, U.S.Code Cong. & Admin.News, December 15, 1974, p. 6267.[3]

In its recent discussion of the Act, as amended, effective February 19, 1975, the Supreme Court in *NLRB v. Sears, Roebuck & Co.*, supra, 421 U.S. at 163, 95 S.Ct. at 1522, 44 L.Ed.2d at 54, rejected the Board's contention that certain *"types"* of documents falls within exemption 7 covering investigatory files, and that the courts "are not to inquire whether the disclosure of the *particular* document in question would contravene any of the purposes of Exemption 7." (emphasis of the court). The Court observed that Exemption 7 had been amended after the case was submitted to the Supreme Court, and the issue was remanded for findings by the district court in light of current standards set out by Congress:

> "The legislative history clearly indicates that Congress disapproves of those cases, relied on by the General Counsel . . . which relieve the Government of the obligation to show that disclosure of a particular investigatory file would contravene the purposes of Exemption 7. . . . The language of the amended Exemption 7 and the legislative history underlying it clearly reveal a congressional intent to limit application of Exemption 7 to agency records so that it would apply only to the extent that 'the production of such records would interfere with enforcement proceedings, deprive a person of a right to a

---

2. The House Report noted that agencies had developed 24 separate terms as authority for withholding information—ranging from "Top Secret", "Secret" and "Confidential" to "Non-public", "Official Use Only", and "Limitation on Availability of Equipment Files for Public Reference".

3. The House Report noted that witnesses representing the Departments of Defense and Justice "uniformly opposed virtually every

proposal to strengthen and clarify the present law, just as Federal agency witnesses had opposed the legislation which created the Freedom of Information Act during subcommittee hearings almost a decade earlier."

For discussion of agency reluctance to disclose information, and review of recent court decisions, see opinion of Judge Winner, (D.C.N.M. 1974) *Equal Employ. Op. Com'n v. Los Alamos Constructors, Inc.*, 382 F.Supp. 1373.

fair trial or an impartial adjudication, constitute a clearly unwarranted invasion of personal privacy, disclose the identity of an informer, or disclose investigative techniques and procedures.'" (421 U.S. at 164, 95 S.Ct. at 1523, 44 L.Ed.2d at 55) [4]

In connection with defendants' motions, the court has thoroughly reviewed the legislative history surrounding enactment of the Freedom of Information Act and its recent amendment, and has considered numerous cases which have recently interpreted that Act. The parties are assured that the Act will be fully implemented in this district, and that the Court seriously assumes its responsibilities to review agency actions, de novo under its provisions. Blanket assertions of privilege and exemption are not to be rubber-stamped by court approval, and, as required by law, the agency will be required to assume its burden of proof that a withheld document is covered by specific statutory exemption. In this respect motions for summary judgment upon blanket claims of privilege and exemption will not be favored. Accordingly,

It is ordered that defendants' Motion to Dismiss or for Summary Judgment be, and it is hereby Overruled;

It is ordered that defendants file answer to plaintiff's complaint within 30 days from date of this Order; and

It is further ordered that upon filing of Answer, this action be referred to the Magistrate for pre-trial conference and further proceedings, prior to trial upon the merits of the Complaint.

## ORDER ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Defendants have moved for protective order that certain interrogatories filed by plaintiff in this action on April 30, 1975 (Dkt. 2) need not be answered. The grounds for this motion are set forth in the Board's memorandum in support of its motion to dismiss the complaint, which motion has this date been overruled by the court.

Before discussing the merits of the motion for protective order, the Court would like to correct two misconceptions concerning this action which appear in defendants' brief. In the first instance, this is not an action to compel defendants to engage in pre-trial discovery in connection with the proceeding before the Board which is presently pending. This is an action to enforce plaintiff's rights under the Freedom of Information Act, separate and apart from any rights plaintiff might have in the NLRB proceedings, pursuant to applicable rules and regulations which prevail in that agency. In its order today overruling defendants' motion to dismiss, this court stated that it did not contemplate any interference with those adjudicatory proceedings, and that they might proceed to finality without interference by this court. The Board may or may not choose to adapt its discovery procedures in light of new amendments to the act, and recent cases which have interpreted its provisions.

4. After defendants' Motion to Dismiss was submitted to the court upon briefs, the Board forwarded copies of two recent decisions regarding applicability of the Act—*Brockway v. Department of the Air Force* (8 Cir. 1975) 518 F.2d 1184; and *Kaminer v. National Labor Relations Board et al.* (S.D. Miss., 7/8/75). In the *Brockway* case, it is apparent that the district court examined witnesses' statements sought to be withheld *in camera* (see 370 F.Supp. 738, at p. 742). In the *Kaminer* case, the Board refused to disclose certain affidavits it obtained from persons in connection with an investigation, claiming they were exempt from disclosure, under Exemption 7, § 552(b), Title 5 U.S.C.A. The court found that although the affidavits in question generally appeared to fall within Exemption 7(D), that exemption was not absolute, and the Court ordered the Board to submit the affidavits in question for the Court's inspection *in camera*, and for deletion of material which would identify the affiants.

**1050**

The second misconception which appears in the Board's argument is in effect the assertion that items are exempt from disclosure simply because the Board believes them to be exempt. Thus, defendants in objecting to interrogatories state that "plaintiff has been supplied with ample information to determine which of the documents listed in its request are exempt from disclosure, and why". As discussed in this court's order overruling the motion to dismiss, defendants have the burden of proving exemptions under the Act; the question of exemption is not to be determined by defendants, or indeed by plaintiff— that burden has been placed upon this court—to determine the issue de novo. That is what this case is all about, and, if it should become necessary the court will examine each item, *in camera,* in order to determine whether or not defendants have carried their burden of proving a statutory exemption.

We now turn to the specific objections to Interrogatories 9, 19, 25, 26.[1]

■ In Interrogatory 9, plaintiff seeks to learn the *title* of documents considered by the official who determined that the complaint be filed in the NLRB proceeding. This interrogatory does not seek to ascertain the contents of such documents, it simply seeks to identify the item in question. The court can not conceive of a situation in which the mere title of a document would be subject to exemption. Certainly the court can not proceed to determine what documents are or are not exempt unless the documents are at least identified by title or general description. Defendants will be directed to answer Interrogatory 9.

Interrogatories 19, 25, and 26 are directed to the statements of persons who were interviewed by agents of the Board in connection with the complaint before the NLRB. These interrogatories do not seek to obtain names or addresses of witnesses, or the contents of their respective statements. Interrogatory No. 19 requests that defendants state the number of statements or affidavits which were taken. Interrogatory No. 25 asks if all the witnesses were employees of Cessna, and Interrogatory No. 26, asks that if these persons were not employed by Cessna, then by whom they were employed. Defendants assert that this requested information is privileged from disclosure under Exemptions 7(A), (C) and (D) of the Freedom of Information Act. The Board fears that this information "would likely provide the Company with sufficient data to employ a process of deduction and determine the identity of all witnesses interviewed in the Board's investigation."

■ A determination of whether or not the contents of statements in the possession of the NLRB are subject to exemption by statute must await *in camera* inspection and perhaps editing by this court pursuant to standards adopted by the courts in cases discussed in the court's order overruling defendants' motion to dismiss. However, the Court will direct that defendants answer Interrogatories Nos. 19 and 25. Defendants will be excused from answering Interrogatory No. 26 at this time. As the court proceeds to determining the merits of the claimed exemptions at a later time it will be determined whether or not disclosure of the place of employment of persons giving statements to the NLRB falls within one of the exemptions specified in § 552(b), Title 5, U.S.C.A. Accordingly,

It is ordered that defendants' motion for protective order as to Interrogatories Nos. 9, 19 and 25 be Overruled, and defendants are directed to file answer to these interrogatories within 10 days from date of this order;

1. Other interrogatories have been answered by defendants. It is plaintiff's intention to submit a second set of interrogatories in lieu of a motion to compel more complete answers, and the court's ruling upon this motion will be confined to Interrogatories 9, 19, 25, 26.

It is further ordered that defendants' motion for protective order as to Interrogatory No. 26 be and it is hereby Sustained, without prejudice to plaintiff's right to redirect this Interrogatory at a subsequent time.

### ORDER SUSTAINING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On August 21, 1975, this Court overruled defendants' motion to dismiss or for summary judgment, upon a finding that the Court would exercise jurisdiction under the Freedom of Information Act, to determine whether or not the defendant National Labor Relations Board must turn over to plaintiff certain documents in its possession which relate to an unfair labor practice proceeding brought against plaintiff, Cessna Aircraft Company. (Dkt. 17.)

The Court overruled defendants' motion for a protective order with reference to certain interrogatories pertaining to the title of documents considered to be exempt; the number of statements taken from witnesses; and whether or not the witnesses giving statements were employees of Cessna. (Dkt. 16.)

▮ After response to interrogatories filed by the NLRB, it now appears that the statements of two witnesses are involved, and, upon motion of plaintiff Cessna Aircraft Company, the Court has examined these statements, *in camera*, for the purpose of determining whether or not they are exempt from disclosure, under exceptions provided in the Freedom of Information Act, 5 U.S.C.A. § 552, as amended, Pub.L. 93–502, effective February 19, 1975.

The Court will not reiterate its conclusions concerning the jurisdiction of this Court to enforce fully the provisions of new legislation designed to open federal agency files to public inspection. It is apparent that the NLRB has elected to stand upon "principle" and it firmly resists disclosure of any item in its file pertaining to labor board proceedings now pending against plaintiff Cessna Aircraft Company, upon the ground that agency rules and regulations prohibit disclosure. In this posture, the Board continues to cast the issue in terms of this Court's "review" of agency rules and regulations and the impropriety of district court interference with board proceedings. The Court refuses to be drawn into this morass. As stated in its original order overruling defendants' motion to dismiss, the Freedom of Information Act is very clear in its terms, and it will be given full effect in this district.

Under the terms of the Act, the Board is required to make its records available "to any person," subject to certain limited exemptions provided by § 552(b)(2), § 552(b)(5) and (7)(A), (C) and (D) relating to matters that are:

> (2) related solely to the internal personnel rules and practices of an agency;
>
> \* \* \* \* \* \*
>
> (5) inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency;
>
> \* \* \* \* \* \*
>
> (7) investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings \* \* \* (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the court of a criminal investigation . . . confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures . . . ."

In its answer to the complaint in this action, defendants allege that the witnesses' statements in question are exempt under the provisions of subsections (b)(5), (b)(7)(A), (C) and (D) of the Act, 5 U.S.C. § 552.

# 1052

After review of the two statements of witnesses, *in camera*, the Court makes the following findings of fact:

The statements are not exempt under § 552(b)(5) as "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." The statements contain factual material, and are not a part of any inter-agency memorandums or letters. The applicability of the § 552(b)(5) exemption was discussed by Judge Gagliardi upon his recent review of NLRB documents in *The Title Guarantee Company v. National Labor Relations Board* decision, (So.Dist.N.Y., 1975, 407 F.Supp. 498. In holding that the § 552(b)(5) exemption did not apply to statements of witnesses, the court stated:

> In the case at bar, however, the material requested consists solely of statements made in support of the Union's charges . . . This material does not fall within the scope of the 'memorandums or letters' exemption of Exemption 5. Whatever broad language exists in *Sears* or other cases . . . equating Exemption 5 to civil discovery privileges was enunciated in the context of 'inter-agency or intra-agency memorandums or letters' . . . This court does not believe that such statements should be applied to carry Exemption 5 to the type of witness statements in question here.

> This decision is not based on a purely mechanical interpretation of the statutory language. The cases have uniformly held that Exemption 5 is not to be construed to include documents consisting essentially of factual material. . . ."

The courts' *in camera* review of the statements of the two witnesses discloses that these statements are not exempt under the provisions of § 552(b)(7)(A), (C) or (D), which state that the Act does not apply to "investigatory records complied for law enforcement purposes, *but only to the extent* that the production of such records" would:

(A) interfere with enforcement proceedings;
(B) constitute an unwarranted invasion of personal privacy; or
(C) would disclose the identity of a confidential source.

The legislative history of the recent amendment to § 552(b) was discussed at length in this Court's prior ruling, and was fully developed by Judge Gagliardi in *The Title Guarantee Company* decision, quoted *supra*. The court finds as a fact that disclosure of the two statements in question will not interfere with enforcement proceedings; that there is nothing contained in the two statements which would constitute an unwarranted invasion of personal privacy; and that the Board has failed to establish that surrender of the two statements would disclose the identity of a "confidential source" within the meaning of the exemption. Indeed, in view of the identity of the two persons making the statements in question, any argument by the Board that disclosure would harmfully reveal a "confidential source" to be protected under the Act is specious.

In its arguments to this Court, the Board, as noted, argues on "principle," in broad, general terms. However, in this instance, the Court is dealing with the concrete. It has examined the two documents in question, and has found them not to be exempt under the Act.[1]

---

1. The Board has furnished the Court with a copy of the decision of Judge Matsch in *Climax Molybdenum Company v. National Labor Relations Board, et al.*, No. 75–M–977; No. 75–M–1029, D.C.Colo., 11/14/75, where counsel "agreed" there was no need for an *in camera* examination of the documents in question. In this action, the court *has* examined the two statements in question, and has found that the Board has failed to establish their exemption under the specific provisions of the Act.

■ With respect to plaintiff's claim for injunctive relief, the Court determines that, in view of its examination of the statements, and its order and judgment which will require the Board to turn over these statements, forthwith, there is no occasion or need for the Court, at this time, to enjoin further Board proceedings. It is not the intention of the Court at this time to grant any stay of its order and judgment regarding the statements in question. In the event the Board determines to appeal the judgment, and in the event the Court of Appeals should issue a stay of this Court's order and judgment, then at that time the Court will reconsider the necessity of enjoining Board proceedings for the purpose of preserving the *status quo* and protecting the integrity of this Court's orders and judgment. Accordingly,

It is ordered that plaintiff's Motion for Partial Summary Judgment be and it is hereby granted to the extent that the Board is directed to turn over the statements of the two witnesses which were submitted for the Court's *in camera* review, to the plaintiff for inspection and copying, forthwith. It appears that if the statements are disclosed, forthwith, pursuant to the Court's order, the Cessna Aircraft Company will have adequate time to review those documents prior to any hearings before the NLRB. For this reason, plaintiff's prayer for injunctive relief is Denied.

Plaintiff's counsel is directed to prepare, circulate and submit an appropriate judgment in accordance with the foregoing findings and order.

It is so ordered.