Hazel DUNCAN

v.

UNITED STATES CIVIL SERVICE COMMISSION.

Civ. A. No. 76–792.

United States District Court, E. D. Louisiana.

July 29, 1976.

Nelson, Nelson & Lombard, Ltd., Patricia E. Saik, New Orleans, La., for plaintiff.

Ford J. Dieth, Asst. U.S. Atty., New Orleans, La., for defendant.

ALVIN B. RUBIN, District Judge.

The sole issue in this Freedom of Information case is whether an employee who has a case pending before the Civil Service Commission and who has been furnished her entire file as well as all other material she requested is also entitled under the Act

to an appendix to a report made concerning the office where she was employed.[1]

The court has reviewed the appendix in camera. It is a single sheet of 8½ x 11 paper. Apart from its caption and other uninformative matter, it contains, first, the names and positions of four employees who worked in the same office as the plaintiff, then 7 lines of comment stating that these employees appeared to be classified in a higher civil service grade than their duties warranted, and an additional 5 lines recommending a study be made to determine whether or not these four were correctly classified.

In support of her suit for this information, the plaintiff argues its relevancy to her other pending claim. The Freedom of Information Act expressly provides (5 U.S. C.A. § 552(b)(6)) that it does not apply to matters that are "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy". The file in question cannot be said to be a personnel or medical file, but the information contained in it relates entirely to whether or not four persons who are not involved in any litigation were correctly classified for civil service purposes. To disclose their names and the remainder of the brief report would invade their personal privacy without public necessity or statutory warrant.

The intention of the Act was to avoid the disclosure of personal and private material. This is demonstrated by the provision in Section 552(a)(2) permitting deletion of identifying details from opinions, statements of policy, interpretations, staff manuals, and instructions.

The information in the appendix clearly is personal to the four persons mentioned. It is not the kind of data that ought to be disclosed under the Freedom of Information Act.

As part of her case before the Civil Service Commission, the plaintiff may be entitled to compare her employer's treatment of her with the treatment accorded her fellow workers. This may or may not indicate discrimination against her. However, such a comparison may be obtained by various discovery devices. This does not mean that these records are required to be disclosed by the Freedom of Information Act. That Act is designed to make records available to the public, not to broaden the scope of discovery in pending litigation.

That the Freedom of Information material may be useful in pending litigation may not bar a litigant's invocation of that Act. See *Cessna Aircraft Co. v. N. L. R. B.,* D.C.Kan.1975, 405 F.Supp. 1042; *Title Guarantee Co. v. N. L. R. B.,* S.D.N.Y.1975, 407 F.Supp. 498. But it is a non sequitur to conclude that the utility of the information in a pending suit warrants its production under the Act.

The plaintiff argues that the Civil Service Commission was not concerned about her privacy as if that argument warrants invasion of the privacy of others. The violation of the Act and the disclosure of personal information about other persons would merely compound the problem.

For these reasons, judgment is rendered in favor of the defendant and against the plaintiff dismissing the plaintiff's action at plaintiff's cost.

---

1. The excellent briefs that have been filed by counsel for the plaintiff dispose of any question concerning the court's jurisdiction of this matter.